| 63 | 161 |
| 79 | 17 |
| 79 | 566 |
| 63 | 161 |
| 83 | 283 |

## WATSON ET AL. v. MOELLER ET AL.

1. **Practice in Supreme Court**: NO REVERSAL FOR NOMINAL DAMAGES ONLY. Where the only benefit of a reversal to appellant would be to enable him to recover nominal damages, a reversal will not be granted.

2. CONTRACT: FOR SERVICES TO BEGIN IN THE FUTURE: NO RECOVERY FOR WITHOUT TENDER. Where one makes a contract to render services to begin at a future day, he must notify the employer of his readiness and willingness to perform, before he can recover substantial damages for the breach of the contract. Mere readiness without such notice is not enough.

### *Appeal from Cass District Court.*

### TUESDAY, APRIL 8.

ACTION ON A PROMISSORY NOTE. The defendant, Henry Moeller, the principal on the note, pleaded that the payees in the note, at the time it was given, contracted to employ him as a traveling salesman, at seventy-five dollars per month and expenses. That he was at all times ready and willing to enter upon said employment, and that he was damaged by reason of the payees in the note having failed to do as they had contracted to do. Trial by jury, and the court instructed the jury that under the evidence there could be no recovery on the counter claim. Defendant, Moeller, appeals.

*L. L. DeLano*, for appellants.

*Chapman & Chapman* for appellees.

SEEVERS, J.—There was evidence tending to show that the contract of employment was made with one Salsbury, who, it is claimed, was acting for, and who had authority to contract for, the payees named in the note. It is doubtful whether there was any competent evidence introduced showing that Salsbury had authority to enter into the contract, so as to bind the payees of the note, who were merchants doing business in Chicago. The plaintiffs are their successors in business, and, as such, are holders of the note. It will be conceded, however, that there was sufficient evidence of Salsbury's authority to require that question to be submitted to. the jury. The evidence tended to show that the contract of service was to commence at a future day, and after Salsbury returned from California, and that the payees of the note were to notify appellant when they were ready for him to commence work, and were to send him a pass to Chicago from Atlantic, Iowa, where the defendant resided, and where the contract was made. No pass was sent, nor was the appellant notified that the payees of the note were ready and willing for appellant to commence work under the contract. At the time the contract was made, the appellant expressed himself as then ready and willing to enter on its performance, but it was then expressly understood that the payees of the note were not, and hence it was agreed that the time of service should commence on the first day of August. The contract was entered into in June or July preceding that time. The material portion of the appellant's evidence as to when the employment was to begin was as follows: "I told them I was ready at any time to go to work for them, but he said, 'I would rather have you wait until I come back from my trip, so when I am in the house I can help you through better. I will give you a good send off,

and it shan't cost you a cent, and you may stay here until I send for you, and I will send you a pass the first of August to come to Chicago, and stay there thirteen or fourteen days in the house.' * * * When the first of August came, I never heard a word from them, and never heard till this suit came. I was ready to go to work, and waited on him. He did not send me a pass, and they never wrote me. He agreed to send me a pass, and I waited, perhaps a month, thinking they might not be ready and I might as well stay here. Did not hear from Salsbury, and did not know when he got back to Chicago."

It may be admitted that there was such a breach of the contract as will entitle the appellant to nominal damages, but, if this is so, we will not reverse a case for the purpose of such a recovery. *Watson v. Van Meter*, 43 Iowa, 76.

Inasmuch as the time of service under the contract was to commence at a future day, before there can be a recovery of substantial damages, the appellant must have been ready and willing to perform on his part, and have so notified the other contracting party. Mere readiness is not sufficient, and is immaterial, unless the other party had knowledge of such facts. But it is said, the appellant was to be notified and a pass sent him, and that these were conditions precedent to be performed by the payees of the note, and, this being so, it is said that a tender under the contract by appellant was unnecessary. The sending of the pass was a mere promise, and did not form a part of the contract of service. If money had been sent, the purpose of the pass would have been accomplished. Or, if the appellant had gone to Chicago at his own expense and tendered his services, it will be conceded he would have been entitled to substantial damages. Indeed, under the circumstances, we think, if he had notified the payees in the note on the first day of August that he was ready and willing to enter upon the performance of the contract, that he would have been entitled to such damages. This much we think he was bound to do.

AFFIRMED.