Williams v. Brown.

---

## WILLIAMS v. BROWN.

1. **Trespass:** NO EVIDENCE OF EXTENT: NOMINAL DAMAGES. Conceding that defendant was guilty of trespass in herding his cattle on plaintiff's uninclosed and uncultivated prairie land, there was no evidence as to the extent of the trespass or the amount of damage done, and hence a verdict for more than nominal damages could not have been sustained.

2. **Appeal:** PRACTICE: REVERSAL FOR NOMINAL DAMAGES ONLY. Although the district court erred in directing a verdict for defendant instead of a verdict for nominal damages for plaintiff, such error is not a ground for reversal in this court. (See cases cited in opinion.)

*Appeal from Marshall District Court.*—HON. JOHN L. STEVENS, Judge.

FILED, JANUARY 24, 1889.

ACTION to recover for the wrongful occupation and use of land. Upon a trial to a jury, a verdict for defendant was entered upon the direction of the court. Plaintiff appeals.

Williams v. Brown.

*O. L. Binford* and *J. H. Bradley*, for appellant.

*Caswell & Meeker,* for appellee.

BECK, J.—I.  The undisputed evidence and the
pleadings show the following facts:  Plaintiff owned
1. TRESPASS:    the land in question, which was uninclosed
no evidence
of extent:    and unoccupied.  It was mainly prairie.
nominal dam-
ages.         Plaintiff is not a resident of the state.  The
herd law is in force in the county wherein the land is
situated.  The defendant herded his cattle upon the
land ; but the evidence wholly fails to show how long
the land was so used by defendant, how many cattle he
herded, and the value of such use, or any other fact
which would enable the jury to estimate the damages,
if any, which plaintiff sustained.  It appears that other
persons herded cattle upon the land during the time it
was used by defendant.  Any verdict, except for nom-
inal damages, would have been found without evidence,
and must have been wholly based upon the merest
conjecture.  The court was right in refusing to submit
the case to the jury for a verdict.  It should have
directed the jury to find a verdict for a nominal sum, if
upon the law and the facts plaintiff is entitled to recover
at all, which we do not attempt to decide ; only holding,
for the purposes of the case, that, if plaintiff can recover
at all, the recovery can only be for nominal damages.

II.  But an omission to award nominal damages,
when the evidence shows a right to recover no more, is
2. APPEAL:     no ground for setting aside a judgment
practice: re-
versal for·    and granting a new trial.  *Norman v. Winch,*
nominal dam-
ages only.     65 Iowa, 263 ; *Case Threshing Machine Co.
v. Haven,* 65 Iowa, 359 ; *Watson v. Moeller,* 63 Iowa,
161 ; *Watson v. Van Meter,* 43 Iowa, 76 ; *Wire v.
Foster,* 62 Iowa, 114 ; *Insurance Co. v. Findley,* 59
Iowa, 591 ; *Rowley v. Jewett,* 56 Iowa, 492 ; *Portman
v. Klemish,* 54 Iowa, 198.

III.  The question as to the liability of defendant
for herding cattle upon the uninclosed and unoccupied
land of plaintiff we do not consider, for the reason that

Brit. Amer. Assurance Co. v. Neil.

its decision is not necessary for the disposition of the case. The judgment of the district court is

AFFIRMED.