BENSON, Administratrix, etc., Appellant, vs. THE PRESIDENT AND TRUSTEES OF THE VILLAGE OF WAUKESHA, Respondent.

*February 21 — March 12, 1889.*

*Municipal corporations: Sidewalks: Trespass: Damages: Nonsuit: Appeal.*

1. A village having taken the steps which authorized it to build a sidewalk in front of a certain lot, and the lot-owner having refused to build the walk within the time prescribed by law or at any other time, the doing of the work by the village sooner than it was permitted to do it by sec. 5, ch. 123, Laws of 1873, is at most a technical trespass for which (no actual damage being shown) the lot-owner can recover only nominal damages.

2. Where the plaintiff was entitled to recover nominal damages only, and upon such recovery would have been compelled to pay the costs of the defendant, a judgment of nonsuit will not be reversed.

Benson, Adm'x, etc. vs. The Village of Waukesha.

3. General power granted to a village board to direct new sidewalks to be constructed implies the power to direct as to the material of which they shall be constructed and the width and manner of construction, and the discretion of the village authorities in that matter cannot be interfered with by the courts unless it is exercised in such a way as to be clearly unjust and unnecessarily oppressive to the lot-owners.

APPEAL from the Circuit Court for *Waukesha* County. The case is stated in the opinion.

*David W. Small*, for the appellant.

For the respondent there was a brief by *D. J. Hemlock*, attorney, and *Sumner & Tullar*, of counsel, and oral argument by *D. J. Hemlock* and *D. S. Tullar*.

TAYLOR, J. This is an action for trespass to real estate alleged to be owned by, and to be in the possession of, the plaintiff and appellant as administratrix of the estate of James Benson, deceased. The complaint alleges that the respondent, by its agents, servants, and employees under its direction, entered upon the real estate described in said complaint, and upon the sidewalk in front thereof and immediately adjacent thereto on a public way and street known as Maple Avenue, and, maliciously and with intent to injure and destroy the plaintiff's property, wilfully and carelessly tore up said plaintiff's stone sidewalk, and broke and destroyed the stone flagging thereon, and threw the same over said premises, etc.; claiming damages to the amount of $500.

The defendant answered, first admitting the representative character of the plaintiff and the ownership by her in such character of the real estate described in the complaint, and then denying all the other allegations of the complaint. The answer then goes on and alleges at considerable length that the defendant had, by its duly constituted authorities, ordered and directed that a new sidewalk should be built

Benson, Adm'x, etc. vs. The Village of Waukesha.

on Maple avenue along the front of the lot in question, and that such sidewalk should be built six feet wide and be composed of pine planks or of asphalt; that the village board, for the purpose of building such new sidewalk, had duly levied and assessed upon the property adjoining said avenue, including the plaintiff's property, a tax sufficient to construct such new sidewalk, and had taken certain proceedings to collect such tax; that while the said defendant was proceeding to raise such tax, and taking steps for the building of such new sidewalk, the plaintiff entered upon said premises, where the said village had ordered said new sidewalk built of pine plank or asphalt, and commenced repairing said sidewalk with flag-stones, contrary to the orders of said village; and that by and with the advice of one D. J. Hemlock, an attorney at law and one of the committee on streets of said village, the street commissioner of said village proceeded to remove the flag-stones placed on said sidewalk by the plaintiff, and to construct in place thereof a new sidewalk composed of pine plank.

I have given above what I deem to be the general effect of the answer of the defendant in this action, but I admit that I am not very clear as to what was intended as a defense by the answer as it appears in the record.

The case was tried in the circuit court, and upon the conclusion of the evidence produced by the parties the court, on motion of the defendant, ordered the plaintiff nonsuited, and rendered judgment in favor of the defendant for its costs. To this ruling of the court the plaintiff duly excepted, and from the judgment entered in favor of defendant appealed to this court.

The only question to be determined on this appeal is whether there was any evidence in the case which would justify a judgment for more than nominal damages in favor of the plaintiff. Sec. 23 of the original charter of the defendant (ch. 30, P. & L. Laws of 1859) confers on the

trustees or village board the power, among other things, "to build and repair sidewalks and crosswalks" in said village. The power conferred in this section does not seem to have been changed since enacted. The power conferred is general, and unrestricted by any conditions. How money shall be raised for the building of sidewalks ordered to be built by the village board, and when and how such sidewalks may be built by the village when not built by the owners of the adjoining lots, is prescribed by secs. 1–5, ch. 123, Laws of 1873. This chapter was repealed by the Revised Statutes of 1878; but sec. 3, ch. 194, Laws of 1879, re-enacted the first five sections of said chapter, leaving the sixth section of said act repealed. The restrictions upon village boards organized under the general statutes, contained in sec. 905, R. S. 1878, in building sidewalks, etc., do not apply to the village of *Waukesha*. Although sec. 926, R. S. 1878, confers upon the village of *Waukesha* all the powers given in sec. 892, R. S., and subd. 11 of said sec. 892 limits the powers of the board to order and construct sidewalks as provided in ch. 40, R. S., still the restrictions contained in sec. 905 of said chapter do not apply to the village of *Waukesha*, because sec. 926, R. S., simply confers on the village board of *Waukesha* the powers specified in said sec. 892, R. S., but it does not repeal or take away any powers conferred on said village by its act of incorporation, and such act gives the board general authority over sidewalks in said village, by sec. 23 above referred to. The re-enactment of the five sections of ch. 123, Laws of 1873, by sec. 3, ch. 194, Laws of 1879, clearly shows that it was not intended by the legislature to limit the authority of the village board as in ch. 40, R. S. 1878.

It is clear that under sec. 23, ch. 30, P. & L. Laws of 1859, and ch. 123, Laws of 1873, re-enacted in 1879, the village board had the power to order new sidewalks on the street in question, and in front of plaintiff's land, and to build said

walk at the expense of the village if she failed to build it as required by the board and within the time fixed by the board and street commissioner. It is, however, contended by the learned counsel for the appellant that the village board have never lawfully ordered said sidewalk to be built, or taken any legal steps to raise the funds for building the same, and that consequently the interference of the street commissioner with her sidewalk was wholly unauthorized. If this contention were true, it might be fatal to the plaintiff's right of recovery against the village. If, as contended, there was no direction or authority given by the village board to the street commissioner to interfere with the plaintiff's sidewalk, then the village would not be liable for his acts, and the plaintiff's case would fail for that reason. See 2 Dill. Mun. Corp. sec. 770, and cases cited. But we think there is enough in the answer, as well as in the evidence, to show that the street commissioner was acting by order of the village authorities. We are also of the opinion that the evidence shows that the village board lawfully passed a resolution ordering the building of a new sidewalk on the street in question and in front of the plaintiff's lot, of the width and material specified; that they made an assessment of taxes for that purpose, as required by sec. 1, ch. 123, Laws of 1873; that they delivered to the street commissioner the list and warrant prescribed by sec. 2 of said chapter, and that the commissioner published the notice required by said section more than twenty days before the commission of the acts complained of.

We think the record justifies the statement that the facts above mentioned were established by the evidence on the trial. The clerk testifies to the passage of a resolution ordering the new sidewalk; and that such resolution was passed appears from the record of the clerk. Sec. 23 of the charter does not prescribe any particular mode of making the order, and it may therefore be made by resolution duly

adopted, as well as by a formal ordinance. The other material facts are shown by evidence contained in what is described as Exhibit B in the case. This exhibit was offered in evidence by the respondents as evidence of the facts stated therein, and it was received without any objection on the part of the plaintiff. This exhibit shows a warrant, with a tax-list attached, as prescribed by sec. 2, ch. 123, Laws of 1873. It also contains a notice and proof of its publication as required by said section, and what purports to be an order or resolution of the village board directing the sidewalk in question to be constructed, and prescribes the width and materials to be used in such construction.

If there be any defect in the evidence showing a complete justification of the acts of the street commissioner, it is the fact that he undertook to build the walk in question before the expiration of forty days after the date of the notice to the owners of the property required to be given by sec. 2 of said ch. 123, Laws of 1873. It might be urged with some plausibility that because sec. 3, ch. 123, Laws of 1873, directs that, " at the expiration of forty days from the date of said notice [referring to the notice directed to be given by sec. 2 of said act] he shall make out and deliver to the clerk of the town in which such village is situated a certified list of the lots, . . . upon which such sidewalk tax remains unpaid," etc., and sec. 5 of said act prescribes that " whenever any street commissioner shall have returned any lots, . . . for delinquent sidewalk . . . taxes, as herein provided, the board of trustees of such village shall be authorized to build or repair such sidewalk, . . . at the expense of such village," — that neither the village nor street commissioner, under the direction of the village board, would have any authority to enter upon the premises of the plaintiff for the purpose of constructing a new sidewalk until the expiration of forty days from the date of the notice given under the provisions of sec. 2 of

said act. Sec. 31 of the original village charter requires the street commissioner to make return to the trustees, at the expiration of the time given in the notice required by sec. 30 of said charter (sec. 30 of the original charter is substantially the same as sec. 2, ch. 123, Laws of 1873, above referred to), showing what he has done under said warrant. Sec. 51 of the original charter contains the only provision in regard to the repair or building of sidewalks, so far as relates to the officer who shall do such building or repairs. Sec. 51 reads as follows: " The street commissioner of said village shall, under the direction of the president and trustees, superintend the grading, paving, and improving streets, and the building· and repairing of sidewalks, and the expenditures of taxes levied and collected for such purpose, and shall receive such compensation," etc.

Sec. 31 of the original charter is not expressly repealed by ch. 123, Laws of 1873, as re-enacted in 1879. It may be, therefore, the duty of the street commissioner to make a return of his proceedings upon his warrant to the village board at the expiration of the twenty days notice given by him under sec. 2, ch. 123, Laws of 1873, and that at the end of forty days from the date of such notice he must also make the return to the town clerk as prescribed by said sec. 3, ch. 123, Laws of 1873, so that the unpaid taxes may be inserted upon the tax roll of the town, and collected by the town treasurer, as prescribed by said section. By the provisions of sec. 2 of said ch. 123, Laws of 1873, the time within which the owner of the lot taxed for a sidewalk might pay such tax in labor or materials for the construction of the walk, or by constructing it himself under the supervision of the street commissioner, expired at the end of twenty days from the date of the notice. The extension of time to forty days after the date of such notice, after which the village may proceed to .construct the sidewalk at its own expense, is clearly not for the benefit

or convenience of the owner of the lot, but for the convenience of the village. The village having acquired the right to construct the sidewalk in question under the proceedings taken, it is immaterial to the plaintiff that it undertook to do the work before the expiration of the time specified in sec. 5 of said ch. 123, Laws of 1873. It must be remembered that this is an action for trespass to real estate situated in a public street. It is not a question as to the regularity of the proceedings of the village to charge the plaintiff's lot with a tax.

The evidence showing, as we think, that the village had taken steps which authorized it to build the walk in question, and the plaintiff having refused to build the walk within the time prescribed by the law or at any other time, I am of the opinion that she cannot complain that the village did the work sooner than they were permitted to do it by sec. 5 of ch. 123, Laws of 1873. But if there was a technical wrong on the part of the village in doing the work at the time it did, and if for such technical trespass the plaintiff was entitled to recover, it seems to us that under the evidence she was entitled to recover only nominal and not substantial damages; and as upon such recovery she would have been compelled to pay the costs of the defendant (see secs. 2918, 2920, R. S.), the judgment of nonsuit ordered in this case should not be reversed. *Jones v. King*, 33 Wis. 422; *Hibbard v. W. U. Tel. Co.* 33 Wis. 558; *Laubenheimer v. Munn*, 19 Wis. 519; *Eaton v. Lyman*, 30 Wis. 41.

The action was not brought to recover for injury or insult to the person of the plaintiff, and there is no evidence to sustain the allegation in the complaint that the acts of the village officers or employees were malicious or done with intent to injure the property of the plaintiff. The extent of the wrong committed by the village was that it removed the stone flagging which the plaintiff had placed

upon a part of the sidewalk in question, and built at its own expense a much better one in its place,— one which was satisfactory to the village authorities and approved by it. The plaintiff certainly could not be injured by that transaction, in a pecuniary point of view; and, admitting the act not strictly justified by the law, her right to recover for an act which did not injure her property would entitle her to recover only nominal damages. See *Murphy v. Fond du Lac*, 23 Wis. 365.

The contention of the learned counsel for the appellant that the village board had no power to prescribe the material of the sidewalk, and its width, cannot be sustained. The general power granted to the board to direct new sidewalks to be constructed implies the power to direct as to the material of which they shall be constructed and the width and manner of construction; and the discretion of the village authorities in that matter cannot be interfered with by the courts unless such discretion is exercised in such a way as to be clearly unjust and unnecessarily oppressive to the lot-owners.

*By the Court.*— The judgment of the circuit court is affirmed.