Faulkner v. Closter.

FAULKNER v. CLOSTER.

1.   **Sales :** FAILURE TO DELIVER : MEASURE OF DAMAGES.   For breach of contract to deliver a carload of potatoes, the measure of damages is the difference between the contract and market prices at the time and place of delivery; and evidence as to the market price need not be restricted to carload lots.

2.   **Appeal :** REVERSAL FOR NOMINAL DAMAGES.   Where there has been a breach of contract, but the evidence shows that no actual damages have resulted to plaintiff therefrom, this court will not reverse a judgment for defendant on the ground that the trial court erred in not instructing that plaintiff was entitled to nominal damages.   (See opinion for citations.)

*Appeal from Shelby District Court.*—HON. GEORGE CARSON, Judge.

FILED, JANUARY 21, 1890.

ACTION for breach of contract to deliver a carload of potatoes.   Judgment for defendant, and plaintiff appeals.

*Smith & Cullison*, for appellant.

*Beard & Myerly*, for appellee.

GRANGER, J.—Defendant engaged to deliver "on track," at Kirkman, a carload of potatoes, of not less than four hundred bushels. There was a failure to deliver, and this action is to recover the damages.

I. The first error assigned and argued is as to the admission of evidence as to the value of the potatoes.

1. SALES: failure to deliver: measure of damages.

There seems to be no dispute as to the rule of damages in such cases,—that is, that the difference between the contract and market prices at the place of delivery is the true rule, but the controverted point is as to the method of ascertaining that difference. Appellant's contention was below, and is in this court, that the inquiry should have been confined to the price of potatoes at Kirkman, when offered or sold in lots of four hundred bushels, or carload lots. The district court took a different view of the law, and allowed the witnesses to testify as to the market price at Kirkman, without reference to the amounts of the different sales. Of this appellant complains. The ruling of the court is right. The authorities cited by appellant (*Marsh v. McPherson*, 105 U. S. 709; 5 Wait, Act. & Def. 623; and Benj. Sales, sec. 1333) do not sustain the rule that the evidence must be as to like sales in amount, but what will be the necessary cost of procuring the same amount in the market; and it is not a matter of substantial importance whether the supply is obtained from one or repeated purchases.

II. The contract price for the potatoes was thirty cents per bushel for mixed varieties, and thirty-five cents for straight varieties. There was testimony to the effect that potatoes of the kind could be bought in the market for

2. APPEAL: reversal for nominal damages.

from twenty to twenty-five cents per bushel; and, under the testimony, the jury returned a verdict for defendant. Complaint is made of the instructions of the court, wherein it failed to instruct that, inasmuch as there was a breach of the contract, the plaintiff was entitled to nominal damages. If we concede the error as claimed by appellant, still we cannot reverse the judgment.

Under the finding of the jury, there was no substantial ground for complaint by plaintiff. There was a technical breach of undertaking to deliver, but without damage to the plaintiff. This court has repeatedly said it will not reverse a judgment for that reason. *Watson v. Moeller,* 63 Iowa, 161; *Watson v. Van Meter,* 43 Iowa, 76; *Case Threshing Mach. Co. v. Haven,* 65 Iowa, 359.

III. The remaining point in argument, that the verdict is contrary to the law and the evidence, is controlled by our views as to the admission of testimony in the first division of the opinion. We see no reversible error, and the judgment is        AFFIRMED.