## RAPPLEYE V. COOK.

1. **Evidence** : ERROR CURED BY SUBSEQUENT RECORD. Error in refusing to strike out immaterial testimony is no ground for a reversal, where it appears from other testimony in the case and the finding of the court thereon that the error worked no prejudice to the appellant.

2. **Appeal** : NO REVERSAL FOR TRIFLING ERROR IN AMOUNT. This court will not reverse a judgment and remand a cause for new trial on the mere ground that the judgment is for a sum a trifle too large, and the correction cannot be made in this court because the record leaves in doubt what the exact amount should be. (Compare *Watson v. Moeller*, 63 Iowa, 161, and *Machine Co. v. Haven*, 65 Iowa, 359.)

*Appeal from Polk District Court.*—HON. A. W. WILKINSON, Judge.

FILED, FEBRUARY 11, 1890.

ACTION upon notes, and an open account. There was a judgment for plaintiff for a part of the amount claimed; and from a judgment of the court favorable to the defendant on certain items the plaintiff appeals.

*N. B. Raymond,* for appellant.

*Baylies & Baylies,* for appellee.

GRANGER, J.—Plaintiff is the assignee of Young Bros.. who were dealers in agricultural machinery at Des Moines, Iowa. Defendant was engaged in the same business at Colfax, Iowa, and purchased, and also received for sale on commission, machinery and fixtures from Young Bros. The account sued on originated in these transactions, and among the items of account is one for an Esterly Harvester, known by its number, 3,766. This harvester, with a truck, was furnished to defendant for sale, and by Young Bros. charged to the defendant at one hundred and eighty dollars, and the truck at fifteen dollars. The defendant, in his answer, admits the receipt of the harvester and truck, and seeks to avoid liability therefor by alleging its return to Young Bros. At the trial the following testimony was given by the defendant. "*Question.* Mr. Cook, you may state what you know about the harvester that is in the possession of Mr. Slaughter. Did that come from Young Bros.? *Answer.* Yes, sir. When it came it was not all there. It was a second-hand machine, and they wrote me it was the best they had. It was not all there, and they had to send to the shops to get repairs for it. *Q.* What did you do with the machine when you got it? *A.* I had the machine sold, but when it came they would not take it because it was not new." Plaintiff moved to strike out the questions and answers, for the reason that the only issue as to the machine was as to its return. The court refused to strike the testimony, and the ruling is assigned as error.

I. We think the statement as to the issue correct; and that some parts of the answers are immaterial under that issue. The questions were such that the witness might have given testimony tending to show a return of the machine; but the witness, as is often the case, made immaterial statements. Referring to the abstract, we find that the next statement of the witness is, "machine eventually went back to Young Bros.' hands," followed by other

1. EVIDENCE: error cured by subsequent record.

testimony corroborative of the fact. Taking the testi-
mony in the case, and the finding of the court, and we
may say that it appears satisfactorily that no prejudice
could have resulted from the testimony. The testimony
could only have affected the value of the machine; and
the court, in its finding, fixes its value as charged in
the account. It must have found that the machine was
returned.

II. As a part of plaintiff's claim, there is a freight
account, aggregating some forty-one dollars, as to
which there is a dispute; and it seems quite

2. APPEAL :
no reversal
for trifling
error in
amount.

apparent that the amount allowed by the
court is a trifle too large. But the exact
amount to be allowed is a matter of con-
siderable doubt. In a law case we are not to consider
the evidence to fix the amount. The deficiency, as we
see it, is too trifling to justify a reversal of the case,
and a new trial. It is not a matter of substantial
importance to either party. For nominal consider-
ation, a judgment will not be reversed. *Machine Co.
v. Haven*, 65 Iowa, 359; *Watson v. Moeller*, 63 Iowa,
161. This point has been frequently ruled.

III. Several other questions are presented in
argument; and, although points are claimed by appel-
lant as practically without conflict of evidence, our
examination leads to the conclusion that in each there
is such conflict that the finding of the district court is
conclusive. There are no grounds for a reversal of the
judgment, and it is                         AFFIRMED.