## METCALF V. NELSON.

1. In the absence of evidence as to its source, it will be presumed that a natural spring of water is formed by the ordinary percolation of water in the soil.

2. Water so percolating through the soil or coming to the surface in a spring belongs to the owner of a soil in such a sense and to such an extent that he is entitled to the exclusive right to use and dispose of the same.

3. A complaint which shows the plaintiff to be the owner of land upon which such a spring is located, and that the defendant, against his objection, and in defiance of his protest, has willfully and habitually taken large quantities of water from such spring, states a cause of action in favor of the plaintiff and against the defendant. FULLER, J., Dissenting.

(Syllabus by the Court. Opinion filed Dec. 21, 1895.)

Appeal from the circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Action to recover the value of water converted by defendant. Judgment for defendant, and plaintiff appeals. Reversed.

The facts are stated in the opinion.

*Palmer, Preston & Rogde,* for appellant.

Absolute title need not be shown in an action for conversion. A bailee may sue. Van Bokkelin v. Ingersol, 5 Wend. 315; Baker v. Hoag, 7 N. Y. 555; Faulkener v. Brown, 13 Wend. 63. The mere fact of lawful possession in plaintiff of property and wrongful taking by defendant is sufficient for recovery. Hendricks v. Decker, 35 Barb. 298; Beach v. Railroad, 37 N. Y. 457, The charge of conversion implies an unlawful taking. Reish v. Reynolds, 68 Ind. 561; Baals v. Stewart, 109 Id. 371.

*R. W. Hobart* and *Bailey & Voorhees,* for respondent.

In order for the water of streams or springs to be property it must be appropriated and confined. Broadbent v. Ramebotham, 11 Exch. 602; Rawstron v. Taylor. *Id.* 369; Ellis v. Duncan, 21 Barb. 230; Acton v. Blundell, 12 M. and W. 324; Chasemore v. Richards, 7 H. of L. Cas. 349; Dickinson v. Grand, 7 Exch. 262.

KELLAM, J. While some question is made as to the sufficiency of the description as set out in the complaint, we think it is sufficiently definite for the purpose of this action, and shall treat the complaint as alleging that the plaintiff, who is now appellant, was at the time mentioned the owner of a parcel of land upon which was located a spring of water, and that without his consent and against his objection the defendant removed from said spring and hauled away a large quantity of water for his own use and for purposes of sale, and that the value of the water so taken was $500, for which amount judgment was demanded. At the trial the court sustained defendant's objection that the complaint did not state facts constituting a cause of action, and rendered judgment for defendant. Plaintiff appeals.

The grievance complained of is not the trespass upon or injury to plaintiff's real estate, but the asportation of water issuing from said spring, and claimed to belong to plaintiff.

The interesting question therefore is, did the plaintiff have such property rights in and to the corpus of the water in such spring as would entitle him to recover for what was carried away? Subterraneous water, not flowing in a defined course or channel, but percolating and seeping through the earth, is a part of the realty. This is statutory here (Comp. Laws, Sec. 2771), and is the law generally. In Wilson v. City of New Bedford, 108 Mass. 265, the court said: "The percolating water belongs to the owner of the land as much as the land itself, or the rocks and stones in it." To the same effect are Roath v. Driscoll, 20 Conn. 533; Village of Delhi v. Youmans, 45 N. Y. 362; Frazier v. Brown, 12 Ohio St. 294; City of Emporia v. Soden, 25 Kan. 588; Railroad Co. v. Dufour, 95 Cal. 615, 30 Pac. 783; Clark v. Conroe, 38 Vt. 469; Taylor v. Fickas, 64 Ind. 167. As to the water rights of owners of land in which springs are located, the authorities distinguish between springs that are fed by the seeping of water generally through and from the surrounding earth and those that are formed by the breaking out upon the surface of definite underground water courses; the latter being governed by the same rules of law as surface streams. For a collection of cases exemplifying this distinction, see note to Wheatley v. Baugh, 64 Am. Dec. 727. In the absence of evidence, it will be presumed that the spring was formed and fed by the percolation of water through the surrounding soil, and was not the outbreak upon the surface of a subterranean stream. Hanson v. McCue, 42 Cal. 303. In Elster v. City of Springfield (Ohio Sup.) 30 N. E. 278, it was said that, as it was not shown from what source the spring was supplied, it would be inferred that it came from percolation through the earth in the vicinity of the spring. See also, Swett v. Cutts, 50 N. H. 439. As the hidden water in the plaintiff's soil belonged to him as a part of it, he might, by artificial means, separate it from the soil, and it would still belong to him. He might sink a well, into which such water would work its way, and the accumulation in the well would still be his, and

subject to his proprietary control.    Davis v. Spaulding (Mass.)
32 N. E. 650.    If the water which fills this spring is not subject
to the law of running streams, but to that of percolating water,
did the plaintiff lose his ownership of it when it appeared upon
the surface?    If a cloud had burst on plaintiff's land, and filled
a cavity thereon with rain, it would, while so confined, belong
to plaintiff, and we are unable to see why or how the question
of ownership can be made to depend upon which way the water
comes from.    Suppose this percolating water appeared at the
surface only at the point of the spring, and at once sunk away
again into the surrounding soil, resuming its character of wan-
dering, seeping water, would the plaintiff's proprietary rights
come and go with the appearance and disappearance of the
water?    It must be remembered that we are not dealing with a
running stream, or with riparian rights, but simply with per·
colating waters which have combined and struggled to the sur-
face on plaintiff's land.    We think the plaintiff had more than
the ordinary usufruct in the water of this spring, so long, at
least, as it was held in the spring.    He might consume or dis-
pose of it all if he chose.    He might convey it away in pipes,
or carry it off in tanks.    If medicinal, he might bottle it, and
sell it for the healing of the nations.    It would be inconsistent
with the maintenance of such right in plaintiff to allow that the
defendant or any other stranger had also the right, in hostility
to the plaintiff, to take and carry away water from the same
spring.

While it may not be technically correct to say that the
landowner is the absolute owner of percolating waters gathered
into a spring or well, such is often the expression of the courts
and text writers; and probably means what, in respect to water,
is practically equivalent to ownership,—the exclusive right to
use and dispose of it.    While the precise question presented by
this case appears to be novel, there are many cases which
recognize the right of the owner of land upon which a spring
so appears to sell and dispose of the right to all or a portion of

the water it supplies.    See Buffum v. Harris, 5 R. I. 243; Bliss v. Greeley, 45 N. Y. 671; Clark v. Conroe, 38 Vt. 469.    Applying these views to the facts stated in the complaint, we think the conclusion must be that plaintiff had such an ownership of or interest in the waters in this spring as entitled him to the exclusive right to use and dispose of it.    While the complaint does not expressly aver damages or detriment to the plaintiff in the hauling away by the defendant of water from the spring, we think it does show an invasion of the plaintiff's right, from which the law presumes damage.    5 Am. & Eng. Enc. Law, p. 2, and cases cited.    Under our practice every action is an action on the case, and, while it may be that the plaintiff is not entitled to recover specifically for so many gallons of water taken from the spring, we think the complaint shows a right in plaintiff, and a violation of it·by defendant.    It seems to us that the complaint states facts which, if proved, would entitle the plaintiff to at least nominal damages.    Whether he can or ought to recover more is for him to demonstrate in the trial court.

.    This case does not present the question of whether, after trial, a judgment for defendant ought to be reversed, because on the facts proved the plaintiff ought to have had a judgment for nominal damages.    The question here is purely a legal one. To sustain this judgment we must say as a matter of law that the facts stated in the complaint do not constitute a cause of action; that they do not show a right in plaintiff and a violation of it by defendant.    For the reasons stated we are of the opinion that the circuit court was wrong in the ruling that the complaint did not state facts constituting a cause of action. Its judgment for defendant following such ruling is reversed, and the case remanded for a new trial.

FULLER, J. (dissenting).    No trespass upon or injury to real property being alleged, and no damages being claimed, it is, in my judgment, obnoxious to the creative plan, and as

inconsistent with the law of nature, to permit plaintiff to recover for water which he could not use, and did not desire to appropriate, as it would be under similar circumstances to grant him a money judgment for the value of sunlight or the free air of heaven. There was no usurpation of right, and there is no rule of law by which to grant or measure a recovery, in the absence of any claim or pretense that plaintiff had sustained injury. Assuming, but not conceding, that the complaint in this action, under the liberal view of a majority of this court, states facts which would, if proved, entitle plaintiff to nominal damages, the judgment of the court below ought not to be disturbed. Unless it becomes necessary to preserve or define some legal right clearly invaded or involved, appellate courts do not feel usually called upon to reverse a judgment to enable a party to recover nominal damages. 2 Enc. Pl. & Prac. 535; Benson v. Village of Waukesha, 74 Wis. 31, 41 N. W. 1017; Lumber Co. v. Williams, 73 Mich. 86, 40 N. W. 940; McAllister v. Clement, 75 Cal. 182, 16 Pac. 775; McCauley v. McKeig, 8 Mont. 389, 21 Pac. 22; Williams v. Brown, 76 Iowa, 643, 41 N. W. 377. The judgment of the court below should be affirmed.