## OLSON v. HUNTIMER *et al.*

When essential to the determination and preservation of an important legal right, a judgment will be reversed to enable a party to recover merely nominal damages.

(Syllabus by the Court. Opinion filed Jan. 29, 1896.)

Appeal from circuit court, Minnehaha county. Hon. FRANK R. AIKENS, Judge.

This case was first decided by this court in an opinion filed Dec. 15, 1894, reported in 6 S. D. 364, 61 N. W. Rep. 479, in which opinion the judgment of the trial court in favor of the defendants was affirmed. A rehearing was subsequently granted and the case reargued. This opinion is upon the rehearing. The former decision, affirming the judgment in favor of defendants, modified by reversing judgment of trial court and ordering judgment for nominal damages in favor of plaintiff.

*David Winton* and *Davis, Lyon & Gates*, for appellants.
*Murray & Porter* and *Stoddard & Wilson*, for respondents.

PER CURIAM. By leave of court, this case has been reargued. For a statement of the facts and the opinion see, see 61

N. W. 479. This court sustained the judgment of the trial court dismissing plaintiff's action. Upon his petition for rehearing, and upon his reargument, appellant contended that this court, having determined the right of possession of the *locus in quo* to be in appellant, and the trial court having found, while he was in fact in possession, "that the defendants [respondents], without his consent and against his will, entered upon said premises and occupied the same during the years 1890 and 1891, it would seem to follow, as an inevitable conclusion, that the plaintiff was entitled to recover against the defendants, and that the action should not be dismissed." We were, and are, of the opinion that plaintiff's relation to the real estate in question is such as would entitle him to recover "the value of the use of the property" for the time it was adversely held by defendants, as provided in Sec. 4601, Comp. Laws, and perhaps for three times such value, as provided in Sec. 4610, Id.; but no facts are found which would enable the court to ascertain such value, or to apply such measure of damages. We believe the plaintiff has proved all the elements of a cause of action against the defendants for damages for the wrongful use and occupation of the land described, but that he has failed to prove any facts by which such damages can be ascertained or measured. We are of the opinion, however, upon further reflection, that as the important controversy was over the right of possession of the *locus in quo*, which controversy was decided in favor of the plaintiff, he should have judgment on the case made for nominal damages. The judgment of the trial court was an unqualified dismissal of plaintiff's action. To affirm this judgment would not give plaintiff the benefit of the point that this court adjudicated in his favor, to wit, the right of possession of the disputed territory. It is true, our opinion discloses our views upon this question, but the judgment itself does not. The judgment would be consistent with the claim that the plaintiff's action was dismissed because he failed to show himself entitled to the land in dispute, when the judg-

ment of the court upon that question is with the plaintiff. While it is true that a judgment will not ordinarily be reversed to enable an appellant to recover merely nominal damages, yet this will be done when necessary to define or preserve a legal right.    2 Enc. Pl. & Prac. p. 535.    We therefore modify our former opinion, by reversing the judgment of the trial court, and remanding the case, with directions to the trial court to enter judgment for nominal damages in favor of the plaintiff.