## ROBERTS v. MINNEAPOLIS THRESHING MACHINE CO.

1. A written contract of agency for the sale of machinery on commission "in the immediate vicinity of S. F., also M. county, excepting the trade tributary to J.," also expressly reserved the right to sell to any party applying to the principal at its home office. *Held*, that oral evidence of a contemporaneous parol stipulation was inadmissible to prove that the agency was exclusive, and that the agent was to receive commissions on all sales, no matter whether made by the principal, or by its agents at J., in territory tributary thereto.

2. An agent who has an exclusive contract for the sale of machinery in a given territory, cannot recover his commission from his principal for a sale made by another in such territory, till he has shown that he himself would have made the sale, or that he performed, in connection therewith, the requirements imposed upon him by the contract.

3. To entitle him to more than nominal damages for the violation of the contract, the actual detriment occasioned must be shown by competent evidence, and with reasonable certainty.

4. A trial court will not be reversed for a failure to award nominal damages unless it be essential to the determination of some legal right clearly invaded or involved.

5. Statements concerning commissions in controversy, written to an agent by the principal's secretary, in the nature of admissions, are incompetent, without proof that they were within the scope of the secretary's authority.

(Opinion filed May 26, 1896.)

Appeal from circuit court, Minnehaha county.   Hon. Jos. W. Jones, Judge.

Action to recover commissions alleged to be due under a contract of agency.   There was a verdict for defendant, and from an order denying a new trial plaintiff appeals.   Affirmed.

The facts are stated in the opinion.

*C. P. Bates* and *D. E. Powers,* for appellant.

In case the contract is uncertain or doubtful in its meaning so that the court is unable to ascertain the intention of the part from an exclusive consideration of its language, extrinsic evidence, showing the negotiations between the parties which led to the making of the contract, their declarations concerning it at the time it was made, and the interpretation placed upon it by them subsequent to that time, is admissible to explain its terms and enable the court and jury to ascertain the meaning of the contract and the intention of the parties.   Comp. Laws, § 3562; Osborne v. Stringham, 1 S. D. 406, and cases cited; same case on second appeal, 57 N. W. 776; French v. Carhart, 1 N. Y. 96; Dodge v. Zimmer, 110 N. Y. 43; Simmons v. Bank, 93 N. Y. 269; The Wanderer, 29 Fed. 260.   The declarations of an agent made at the time he is contracting for his principal are admissible against the principal as a part of the *res gestœ.*   Tuttle v. Brown, 64 Am. Dec. (Mass.) 80; Haven v. Brown, 22 Id. (Me.) 208.   See, also, White v. Hoyt, 73 N. Y. 505 and cases cited; Mason v. City of Sioux Falls, 2 S. D. 647;

Underhill on Evi., p. 303; Osborne v. Stringham, 1 S. D. 413; Almgren v. Dutlih, 5 N. Y. 28; Pettit v. Shepard, 32 N. Y. 97.

*Joe Kirby*, for respondent.

Appellant's offer to prove parol statements made at the time the written contract was executed was properly rejected. 1 Greenl. Ev. (14th Ed.) § 275. In order to entitle a broker to any compensation, he must have been a procuring cause of the transaction, and the sale must have been the result of his efforts. If he does this, or if he finds a purchaser ready and willing to buy at the terms agreed upon, his services are then complete and he is entitled to his pay. 2 Am. & Eng. Encyc. of Law, 582; Scott v. Clark, 3 S. D. 486, 54 N. W. 538; McLaughlin v. Wheeler, 1 S. D. 497, 47 N. W. 816. Appellant's claim for damages is speculative and too remote. Comp. Laws, § 4581; Waterman v. Boltinghouse, 23 Pac. (Cal.) 195; Amer. B. & L. Ass'n v. Hart, 27 Pac. (Wash.) 468; The Howe Mach. Co. v. Bryson, 44 Iowa 161; Ry. Co. v. Hill (Tex.), 51 Am. Rep. 642; Brigham v. Carlisle (Ala.), 56 Am. Rep. 28. No recovery can be had on the strength of statements made by the secretary. Plymouth County Bank v. Gilman, 3 S. D. 170, 52 N. W. 869; Bank v. North, 6 Dak. 136, 41 N. W. 736.

FULLER, J. Plaintiff, a dealer in agriculural implements, brings this action against the defendant, a manufacturer of threshing machinery, to recover certain commissions on sales made by other persons, as damages for an alleged violation of a contract whereby it is claimed that plaintiff became the sole agent, with exclusive authority to sell said machinery within the territory mentioned in the complaint. At the conclusion of plaintiff's evidence the court directed a verdict for the defendant, and this appeal is by the plaintiff, from an order overruling a motion for a new trial.

By the terms of the written agreemeat, appellant was constituted a soliciting agent of respondent for the purpose of obtaining purchasers and making sales of threshing separators,

engines, attachments and repairs, subject to respondent's approval, "in the immediate vicinity of Sioux Falls, also Minnehaha county, excepting the trade tributary to Jasper, Minnesota." Respondent expressly reserved the right to sell to any party applying to the company at its home office in Minneapolis. As the only recital of the contract relating to the territory within which appellant should operate is contained in the foregoing quotation, the trial court declined to construe said instrument as exclusive in its character, and denied appellant's request to have the question submitted to a jury. One of the purported sales complained of was made by the company, at its office in Minneapolis, under the following circumstances: Appellant and respondent entered into an agreement in writing by which Parker & Nelson, of Hartford, Minnehaha county, were authorized to procure purchasers and make sales of threshing machines under the direction of appellant, but subject to the approval of respondent, and it was agreed by and between all the parties that said Parker & Nelson should receive from respondent, upon all machinery sold and paid for, a commission of 15 per cent. Subsequently, and during the life of appellant's contract, and at the request of Parker & Nelson, who called at the office of respondent, in the city of Minneapolis, a fully equipped threshing machine was shipped to them, at Hartford, as a sample to be exhibited to prospective purchasers. Parker & Nelson did no business in the way of finding purchasers or making sales of machinery in Minnehaha county, but some months after receiving the sample outfit they took the same without the knowledge or consent of respondent, and engaged in the threshing business. Later, and after the threshing season was over, and respondent had learned what had been done with its machine, a settlement was effected with Parker & Nelson in the city of Minneapolis, by which a small amount was allowed as commission on machinery sold by Parker & Nelson in Miner county, and their note for $1,800 was executed and delivered to respondent, no part of which has been paid. As all the business was

transacted directly with respondent, in the city of Minneapolis and appellant did nothing with reference thereto, it is unnecessary to determine whether the final adjustment constituted a sale by respondent to Parker & Nelson, or a settlement for property wrongfully converted.   In either event there is nothing in the transaction, viewed in the light of the written contract between appellant and respondent, by which the latter would in any manner become liable to the former.   To advertise, exhibit machinery, and solicit purchasers thereof, subject to respondent's approval, are a few of the numerous requirements imposed by the contract upon appellant, in order to entitle him to 20 per cent of the purchase price when the same is paid in cash at the time of sale, or when realized from the collection of deferred payments; and the theory upon which appellant seeks to recover 20 per cent of the price for which the above mentioned machinery was sold is that his agency for Minnehaha county was, with the exceptions specified in the contract, exclusive and entitled him to 20 per cent upon all sales by whosoever made, therein.   From a careful examination of that instrument, we are of the opinion that the trial court correctly concluded that there is nothing contained in the recitals of the contract which justifies such a recovery.

At the trial, after prepondering several questions to appellant, to which objections were interposed and sustained, his counsel made the following offer upon the record, which was refused by the court:   We offer to show by this witness that at the time of entering into the contract he had a conversation with Mr. Neel, the agent of the company, who came here to make the contract, and who signed it for the company, in which Mr. Neel said that the contract provided for the exclusive agency for the sale of the threshing machinery specified therein, in Minnehaha county, excepting trade tributary to Jasper, and that Mr. Roberts should receive from the company a commission of 20 per cent on the sale of all goods, excepting extras and repairs, made in this territory, no matter by whom made;

that this conversation took place at the time the written contract was made." Assuming, without deciding, that oral evidence of a contemporaneous parol stipulation was competent to show that it was the intention of the parties to give appellant the exclusive right to solicit sales in that portion of Minnehaha county not tributary to the village of Jasper, it by no means follows that appellant can, by parol, inject into said contract an inconsistent agreement upon the part of respondent, by which it is bound to pay appellant 20 per cent upon sales made by itself, in strict compliance with the contract, or by its Jasper agents, in territory tributary to that village. Such testimony would flagrantly violate the familiar rule that "parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument." D. M. Osborne & Co. v. Stringham, 1 S. D. 406, 47 N. W. 408. As a precautionary means by which to avoid any misunderstanding, respondent, at the time of making the contract with appellant, required him to assent to the following express provision: "Our contracts are intended to specify the exact agreement with agents, and we will not be responsible for any statement, promises, or representations claimed to have been made to them, outside of this contract, unless the same is in writing from us or our contracting agent."

If appellant's right to sell in certain territory is exclusive, there is certainly nothing in the contract by which the amount of damages, in case of a breach thereof, is anticipated, and fixed at 20 per cent of the purchase price of machinery, by whomsoever sold, and the true measure of damages is an amount which will compensate appellant for the proximate detriment sustained thereby. Comp. Laws, § 4581. Without anything before the jury as a basis for the computation of compensatory damages, and in the entire absence of evidence tending to show that in any event appellant would have made either of the sales complained of, or that he performed any act with reference thereto, mere proof of the violation of the contract

would entitle appellant to no more than nominal damages, to allow a recovery of which appellate tribunals will not reverse a trial court, unless it be essential to the determination of some legal right clearly invaded or involved.   Olson v. Huntimer (S. D.), 66 N. W. 313; 2 Enc. Pl. & Prac. 535; Benson v. Village of Waukesha, 74 Wis. 31, 41 N. W. 1017; Lumber Co. v. Williams, 73 Mich, 86, 40 N. W. 940; McAllister v. Clement, 75 Cal. 182, 16 Pac. 775; McCauley v. McKeig, 8 Mont. 389, 21 Pac. 22; Williams v. Brown, 76 Iowa 643, 41 N. W. 377.   On principle, there is no material distinction between this case and Waterman v. Boltinghouse, 23 Pac. 195, where the supreme court of California hold that "a real estate broker, who has a contract giving him the exclusive right to sell land within a certain time, cannot recover his commissions of his employer, who sells, himself, within the time, without the agency of the broker, unless he has produced a purchaser ready and willing to buy according to the terms of the contract."   To the point that the actual detriment occasioned must be shown by competent evidence, and with reasonable certainty, in order to entitle appellant to anything more than nominal damages, see Association v. Hart (Wash), 27 Pac. 468.   To the same effect see Machine Co. v. Bryson, 44 Iowa 159; Railway Co. v. Hill, 51 Am. Rep. 642.   The evidence of statements made by respondent's secretary, to the effect that he was satisfied that the sales made by the Jasper agents to parties, some of whom resided in Minnehaha county, belonged to appellant; that he had written said agents, requesting them to turn over said commission; and that, in any event, he would see that one-half of said commission was turned over to appellant—was in the nature of a compromise, and clearly incompetent, because not shown to be within the scope of his authority.   Bank v. Gilman, 4 S. D. 265, 56 N. W. 892.   As the record contains no error of which the appellant can rightfully complain, the order appealed from is affirmed.