W. H. COLWELL, Plaintiff, v. THE URBANA CONSTRUCTION COMPANY and WM. L. STEWART, Agent, Defendants.

**Contracts:** RECOVERY FOR PARTIAL PERFORMANCE: INSTRUCTIONS. Where plaintiff's evidence tended to show a contract for cleaning a drain-

age ditch at a certain price per yard for such distance as the necessities of the case required, and that plaintiff performed the contract by cleaning the same for such distance as was reasonably necessary, instructions authorizing recovery for the work actually performed were proper, and not objectionable as allowing recovery for partial performance of an indivisible contract.

**Same:** TRIFLING EXCESS OF RECOVERY: EFFECT.   An instruction erroneously allowing recovery of interest in a small sum will not require a reversal of the case on appeal.

**New trial:** NEWLY DISCOVERED EVIDENCE: SUBSEQUENT RECOLLECTION OF WITNESS.   Conceding that a new trial may be granted on the ground of newly discovered evidence because of the subsequent recollection of a witness who testified upon the trial, yet the omitted evidence must be definite, substantial and sufficient to warrant the probability of a different result in case of another trial, and not so similar that it may fairly be termed cumulative.

*Appeal from Webster District Court.*—HON. R. M. WRIGHT, Judge.

FRIDAY, MARCH 15, 1912.

ACTION upon a parol contract, whereby the plaintiff undertook to clean out a certain drainage ditch at an agreed price $1.50 per rod.   There was a verdict and judgment for the plaintiff for a part of his claim.   The defendants appeal.—*Affirmed.*

*Healy & Healy* and *Seth Thomas,* for appellants.

*J. R. Files,* for appellee.

EVANS, J.—Prior to the time of the alleged contract sued on, the defendants had entered into a contract with Webster county to construct a lateral tile drain.   Such tile drain was to find its outlet in an open drainage ditch previously constructed.   In order to give efficiency to such outlet, it was necessary to clean out such open ditch by removing the silt which had accumulated in the bottom there-

of, for a considerable and indefinite distance downstream from the point of proposed outlet. The plaintiff averred in his petition that the defendants employed him to do such work at an agreed price of $1.50 a rod for the necessary distance to be covered. He also averred that he cleaned out said ditch to a necessary distance of one thousand two hundred and ninty-three feet. Plaintiff also averred that such necessary distance was to be determined by himself and one Freimuth, " the engineer," and that it was so determined by them. The defendants, answering, admitted an oral contract with the plaintiff for the cleaning out of such ditch at the rate of $1.50 a rod for a distance of three hundred feet only, and upon the following conditions: "(1) That the distance to be cleaned out in said ditch was to be determined and staked out by the engineer, H. C. Freimuth, who was in charge of the construction of said ditch. (2) That the work of cleaning out was to be completed to the satisfaction of and approved by the civil engineer, H. C. Freimuth. (3) That the work of cleaning out, and the ditches cleaned out, were to be approved and accepted by the board of supervisors and a warrant issued to the defendants in payment for the same before the defendants should become liable to the plaintiff for the payment for the work.

They averred, also that such conditions were not complied with, and that the work done by plaintiff was unskillful and unworkmanlike and had never been accepted by the board of supervisors. The testimony introduced on behalf of the plaintiff tended to support the allegations of his petition and was sufficient to sustain a verdict in his favor. The evidence on behalf of the defendants tended to support the allegations of their answer.

I.   Appellants' first complaint is directed to instructions 5 and 8 given by the trial court. Such instructions were as follows:

(5) Under the issues joined, the burden of proof is on the plaintiff to establish by a preponderance of the evidence: First. That an oral contract of employment was entered into between the plaintiff and defendant. Second. That said oral contract provided that plaintiff was to receive $1.50 per rod for cleaning out the said ditch. Third. That the distance of said ditch to be cleaned out provided for by said contract was to be determined and ascertained by the plaintiff himself upon consulting with the engineer, H. C. Freimuth. Fourth. That plaintiff did in fact clean out a certain portion of said ditch under the said contract. Fifth. The actual number of rods of ditch that were cleaned out by him. If the plaintiff has proved by a preponderance of the evidence each of the foregoing propositions, your verdict should be in favor of the plaintiff, unless you should find that defendant has established by a preponderance of the evidence at least one of the following propositions: First, that by the terms and conditions of said contract, the cleaning out of said ditch was to be done in a workmanlike and skillful  manner, and the same was not as a matter of fact cleaned out in a workmanlike and skillful manner; or, second, that payment was not to be made till the work was approved by the board of supervisors, and the same has never in fact been approved; or, third, that payment to plaintiff was not to be made till the board of supervisors should pay the defendants for said work, and they have not paid the said defendants for said work nor provided a fund therefor. If defendant has established any one of three foregoing propositions by a preponderance of the evidence, plaintiff cannot recover in this case, neither can the plaintiff recover in this case if the engineer, H. C. Freimuth, was under the contract between the plaintiff and defendant, himself to fix the starting point for the cleaning out the said ditch, and refused to do so. Nevertheless, if you should find that the said engineer told the plaintiff that the plaintiff was himself to select the point where he was to commence cleaning out the said ditch, and that after such statement made by the said engineer plaintiff did in fact select such point, and afterward said engineer stated that the selection made by the plaintiff as the place for commencing the cleaning out of the said ditch was all right, or words to that effect, then you would be warranted in

finding that the place selected as the starting point for the work of cleaning out the said ditch was the same as if made by the engineer himself.

(8) If you find for plaintiff, you will proceed to determine the amount of his recovery. This will be ascertained by you by computing on the basis of the number of rods excavated at the rate of $1.50 per rod, with interest at 6 percent, since May 12, 1910. You are, however, instructed that the number of rods will not necessarily be the distance from where the plaintiff started to excavate up to the bulkhead, that is, seventy-eight rods and six feet or one thousand two hundred and ninety-three feet, but it will be that part of the distance between the starting point and the bulkhead that was actually excavated by the plaintiff, and what this distance was is for you and you alone to determine.

The point made against these instructions is that they treat the contract sued on as being divisible or separable, whereas the contract was in fact indivisible. It is said

1. CONTRACTS: recovery for partial performance: instructions.

that the instructions complained of permitted the jury to allow a recovery for a partial performance; and that the jury should have been instructed that, unless the plaintiff was entitled to recover the full amount claimed, he was entitled to recover nothing at all. We cannot sustain this contention. The evidence on the part of the plaintiff tended to show that the distance to be covered by his work was not definitely provided for by his contract, but was left to be determined by the necessity of the case as it should appear upon the ground. According to his proofs, the plaintiff did carry his work for a distance of one thousand two hundred and ninety-three feet. It was nevertheless incumbent upon him to prove that this distance was reasonably necessary, and this burden was laid upon him by the court. The amount of his claim as made by his petition was $117.50, which would be $1.50 per rod for one thousand two hundred and ninety-three feet. The jury by its verdict allowed him $103.67; that is to say, he recovered a ver-

dict for something less than one thousand two hundred and ninety-three feet. There is nothing in this reduced recovery which is inconsistent with the alleged contract declared upon by the plaintiff, nor with his full performance thereof. If he did more work than was reasonably necessary for the purpose of the outlet he failed to recover as to such excess.

II.   Complaint is also directed against instruction 8, because it directed the jury to allow 6 percent interest from May 12, 1910, whereas the work undertaken by the plaintiff was not completed for some days thereafter. The statement of this date was an undoubted inadvertence on the part of the trial court, and it must be said that the verdict includes some excess of interest. The amount of such excess, however, is very trifling, and we would not be justified in awarding a new trial on account thereof. This court has frequently refused to reverse a case because of such slight excesses. The following cases all involved excesses in the amount of verdict to a much greater extent than is involved here. *Van Gorter v. Sherman,* 81 Iowa, 403; *Rappelye v. Cook,* 79 Iowa, 564; *Callanan v. Shaw,* 24 Iowa, 441. In each of the foregoing cases a reversal was refused in this court on account of such excess.

2. SAME: trifling excess of recovery: effect.

III.   Newly discovered evidence was urged as one ground for a new trial. Such new evidence consisted of certain alleged admissions made by the plaintiff to Freimuth, the engineer, in a conversation had some weeks after the work was done. Freimuth was one of the principal witnesses for the defendants at the trial. He was by no means a reluctant witness. On the contrary, there was manifest emphasis in his testimony as against the plaintiff. It is shown by his affidavit that through oversight he failed to communicate to defendants or their counsel the alleged admission which is now brought forward as newly discovered evidence. As a witness he

3. NEW TRIAL: newly discovered evidence: subsequent recollection of witness.

testified to various conversations with the plaintiff. Con-
cededly. he testified to all that he then remembered. We
would be slow to hold that the subsequent recollection of a
friendly witness who had testified at the first trial could
be made the basis of a motion for a new trial on the ground
of newly discovered evidence. This question received some
consideration in the case of *Fanning v. McCraney,* Mor-
ris, 398 (Reprint page 525). The holding there was
adverse to the position of the appellant. In any event,
the omitted evidence ought to be definite and substantial
and sufficient to warrant a fair probability of a different
result. The new evidence set forth in Freimuth's affidavit is
as follows: "That the plaintiff met me in the town of
Knierim, Iowa, and requested me to make an examination
of the ditch and to give him a certificate approving of the
ditch; and the plaintiff further said to me at said time that
he was very hard up for money, and that there was to be
a joint meeting of the boards of supervisors of Calhoun
and Webster counties, to be held the following Monday at
Rockwell City, Iowa, and that under the terms of his contract
with Stewart, he (Colwell) could not get any pay for clean-
ing out the said ditch until the engineer in charge there-
of approved of the work of the said Colwell, and until said
approval of said engineer was submitted to and adopted
by the boards of supervisors of Calhoun and Webster coun-
ties." At the trial this witness testified as follows: "On
the 21st day of May, I was requested by Mr. Colwell to go
out there and go over it. He said that he had fixed it up;
had straightened it out. He wanted me to inspect the
ditch and report to the board of supervisors the 23d day, as
they were going to meet, and he would like to get some
money out of it. I inspected it on the 22d and found that
it had hardly been changed; I couldn't see no change, that
it had been bettered any, and reported unfavorably to the
board. I did not inspect the one thousand two hundred and
ninety-three feet on this day." He also testified to other

requests of the plaintiff. We think that the alleged newly discovered evidence is so similar in its general purport to that to which the witness had already testified that it ought fairly to be deemed as cumulative. The statement in the affidavit is indefinite at best. It does not purport to set forth the direct language of the plaintiff, but states the alleged admission largely in the form of a conclusion. We think this ground of the motion was properly overruled.

No other alleged errors are presented for our consideration.

The judgment below must therefore be *affirmed*.