[No. 14158.   Department Two.   October 16, 1917.]

UNION WAREHOUSE & ELEVATOR COMPANY, *Appellant*, v. CHARLES J. BAUMANN, *Respondent*.[1]

SALES—ACTIONS—BREACH—DAMAGES. In an action for breach of contract to deliver wheat on a certain date, the damages must be measured by the market price at that time; and a complaint alleging only the market value months later when demand was made is demurrable.

Appeal from a judgment of the superior court for Adams county, Linn, J., entered January 5, 1917, upon sustaining a demurrer to the complaint, dismissing an action on contract. Affirmed.

*G. E. Lovell*, for appellant.

*W. O. Miller*, for respondent.

PARKER, J.—This is an action to recover damages which the plaintiff elevator company claims resulted to it from a breach of the following contract by the defendant, Baumann:

"I hereby sell 700 bushels No. One red wheat at 68c per Bu.. sacked, to be delivered to the Union Elevator & Warehouse Company's warehouse, final delivery to be made on or before Sept. 1st, 1914."

This contract was signed by the defendant, the plaintiff's acceptance being indorsed thereon. The wheat was not delivered by the defendant on September 1st, 1914, as agreed,

[1] Reported in 167 Pac. 1100.

nor at any other time, except a small part thereof. On May 1st, 1915, the plaintiff demanded delivery of the wheat by the defendant, which demand was refused. On that day the market value of the wheat was $1.15 per bushel. The plaintiff prays judgment for damages against the defendant, measured by the difference between 68 cents per bushel and $1.15 per bushel, for the number of bushels which the defendant failed to deliver as called for by the contract. These are the only facts appearing in the complaint material to our present inquiry. The complaint was demurred to by the defendant, and the demurrer sustained by the lower court. The plaintiff having elected to stand upon its complaint and not plead further, judgment was rendered against it, finally dismissing the case. From this judgment, the plaintiff has appealed.

We think there is a total want of any allegation of damage suffered by appellant which can be recovered in this action. For aught that appears in the complaint, the market price of the wheat on September 1st, 1914, may have been even less than 68 cents per bushel. No special damages are claimed. Plainly, under the facts appearing in the complaint, whatever damages the appellant suffered must be measured as of the date the contract was to be performed, and not at a later date as appellant seeks to have its damage measured. *Loewi v. Long,* 76 Wash. 480, 136 Pac. 673; *Faulkner v. Closter,* 79 Iowa 15, 44 N. W. 208; 35 Cyc. 633.

The judgment is affirmed.

ELLIS, C. J., HOLCOMB, FULLERTON, and MOUNT, JJ., concur.