Bilgrien vs. Dowe.

---

BILGRIEN, Appellant, vs. DOWE, Repondent.

*October 26 — November 8, 1895.*

*Breach of contract: Damages: Evidence: Immaterial error.*

1. In an action for breach of a contract to deliver unstrained milk at a cheese factory, there was evidence tending to show that the defendant had strained some of the milk delivered by him; that some milk is lumpy and bloody; that cheese made from such milk is puffed and inferior in quality; and that some of the cheese made from milk furnished by defendant in common with others was so puffed. *Held,* insufficient to take to the jury the question whether plaintiff had been injured by the straining of the milk.

2. A judgment for defendant will not be reversed for error in the exclusion of evidence which, at most, would have shown plaintiff entitled to nominal damages.

APPEAL from a judgment of the county court of Dodge county: CHRIS. A. CHRISTIANSON, Judge. *Affirmed.*

The complaint alleges in effect that October 1, 1892, the plaintiff engaged in making cheese; that the defendant at

that time agreed with the plaintiff to deliver pure, wholesome, unskimmed, and unstrained milk to the plaintiff's factory; that in consideration of said agreement the plaintiff agreed to pay the defendant eighty cents per 100 pounds of milk in summer, and $1 per 100 during the remainder of the season; that in violation of said agreement the defendant, October 1, 1892, commenced skimming his evening's milk and mixing the same with his morning's milk, and also strained said mixture before delivering the same to the plaintiff's factory; that the defendant continued such practice, without the consent or knowledge of the plaintiff, until October 5, 1893, when the plaintiff first discovered such skimming and straining; that thereupon the plaintiff commenced this action to recover damages for such breach of contract. The defendant answered by way of admissions and denials of any such breach.

At the close of the trial the jury returned a verdict in favor of the defendant. From the judgment entered thereon the plaintiff appeals.

*George W. Sloan,* for the appellant.
*Charles H. Gardner,* for the respondent.

CASSODAY, C. J. There is evidence tending to prove that, of the milk delivered by the defendant to the plaintiff's factory, some had been skimmed by the defendant and some had been strained by the defendant. But such evidence was flatly contradicted. The court submitted to the jury the question whether any of the milk so delivered had been skimmed by the defendant, and, if so, what, if any, damage the plaintiff had thereby sustained. As the verdict was in favor of the defendant, it is manifest the jury must have believed the evidence on the part of the defendant on that branch of the case, since the skimming of the milk would necessarily have rendered the milk less valuable.

But the court in effect refused to submit to the jury the

question whether the defendant strained any of such milk before delivery, and, if so, whether the plaintiff thereby sustained any damage. There is evidence tending to prove that some milk is lumpy and bloody, and that cheese made from such milk is bloated or puffed and of an inferior quality, and that some of the cheese manufactured by the plaintiff from milk so furnished by the defendant in common with others was so puffed. But the defendant only furnished about one fifth of the milk so manufactured into cheese by the plaintiff in 1892, and only about one seventh of that so manufactured by him in 1893. We are referred to no evidence, and we find no evidence, tending to prove that any of the milk so furnished by the defendant was lumpy or bloody, and, for aught that appears, such puffed cheese may have been the result of lumpy and bloody milk furnished by such other patrons of the plaintiff. The straining of the milk,— unlike the skimming of it,— did not necessarily diminish its value. It may have been to remove some foreign substance which in no way injured the milk. The mere fact that some was so strained raises no inference that any was so lumpy and bloody. The only evidence, therefore, tending to prove that any milk so used in such manufacture was lumpy or bloody, is the evidence that some of the cheese so manufactured was bloated and puffy. But if that is sufficient to justify a verdict against the defendant, then the same evidence would justify a similar verdict against each and all of the plaintiff's patrons. We must hold that such evidence is too indefinite, speculative, and conjectural to have sustained a verdict in favor of the plaintiff.

True, the defendant agreed in writing not to strain any of the milk so delivered, and that agreement was at first admitted in evidence and afterwards excluded. Had the writing remained in evidence it would, with the plaintiff's other evidence, at most, have proved a technical breach of the contract. There still would have been a failure to prove any

substantial damages. Counsel contend that under that agreement and the evidence the plaintiff was entitled to nominal damages, at least, and hence that the judgment should be reversed. But this court has repeatedly declined to reverse judgments for such a reason, or for any error not affecting the substantial rights of the adverse party. R. S. sec. 2829; *Benson v. Waukesha,* 74 Wis. 31; *Wis. Cent. R. Co. v. Ashland Co.* 81 Wis. 9. "The sole object of allowing an appeal is to benefit a 'party aggrieved.' R. S. sec. 3048; *Ackley v. Vilas,* 79 Wis. 160."

The other errors assigned must be overruled for the reasons already given.

*By the Court.*— The judgment of the county court of Dodge county is affirmed.