CRONEMILLAR, Appellant, vs. DULUTH-SUPERIOR MILLING COMPANY, Respondent.

*December 16, 1907—January 8, 1908.*

*Master and servant: Contracts of employment: Duration: Breach: Nominal damages: Nonsuit: Appeal and error: Affirmance and reversal: Right to nominal damages: Costs.*

1. Where wages are payable by the month, such circumstance is evidence of a hiring for that period, which will be sufficient, in the absence of any evidence impairing its weight, to sustain a finding that there was a hiring for that period.

2. In an action by a servant to recover damages for breach of a contract of employment, the evidence, stated in the opinion, is *held* to establish that the minds of the parties met on the proposition that, although the wages were to be payable by the month, the service might be terminated by either party at will.

3. In such case a refusal to permit the servant to go to work at all was a plain breach of the master's contract, for which the serv-

ant was entitled to recover at least nominal damages, and hence it was error to grant a nonsuit.

4. The general rules governing the subject of reversal on appeal from a judgment in favor of the defendant where the plaintiff was entitled to nominal damages are: (1) Such judgment will be affirmed if the recovery of nominal damages would not carry costs but would subject the plaintiff to costs. (2) Such judgment will be affirmed in penal actions and those actions *ex delicto* known as hard actions, which include actions of slander, libel, and the like. (3) Subject to this exception, such judgment will be reversed in an action where plaintiff would be entitled to recover costs.

5. In an action by a servant to recover damages for breach of a contract of employment properly commenced in justice's court and tried *de novo* on appeal of the defendant in the circuit court, a judgment for nominal damages would entitle plaintiff to costs, because he would be the successful party even though recovering less than he did in justice's court, and hence a judgment of nonsuit in the circuit court should be reversed.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Reversed.*

This is an action to recover $75 as damages for breach of a contract of employment. It was commenced in justice's court, where the plaintiff recovered a judgment, from which defendant appealed and the action was tried *de novo* in circuit court, in which court a nonsuit was granted at the close of the plaintiff's evidence. The plaintiff in 1906 was a stationary engineer and the defendant was a foreign corporation operating a mill at Superior, of which one Scott was chief engineer, with authority to employ assistants. Early in April, 1906, Scott made an oral arrangement with *Cronemillar* that he, *Cronemillar,* was to go to work as assistant engineer at the mill on the 9th day of said month. It appears that *Cronemillar* had previously worked in the same capacity at the mill for three years and had quit September 18, 1905. When plaintiff reported for work on the morning of the 9th, Scott, under instructions from his superior officer, refused to allow him to go to work and he was without em-

ployment for some six weeks. The substantial controversy of fact between the parties was whether the plaintiff was employed for an entire month, or whether his contract was indefinite as to time so that he could quit or be discharged at any time. This question depends entirely on the proper construction of the testimony of Scott and the plaintiff, both of whom detailed the conversation constituting the contract. It is undisputed that *Cronemillar's* wages during his previous employment were at the rate of $75 per month. Scott testified that it was said between them that plaintiff was to go to work as assistant engineer on the 9th, and that he was to have the same wages and *under the same conditions* that he was there before, and nothing was said about how long he was to work; that he understood that all men were hired at the mill for indefinite periods, and that he also understood that the plaintiff's previous employment was for an indefinite period at the rate of $75 a month, and that he might quit or be discharged at any time, and that he did in fact quit in the middle of the month and got his pay; that he understood, further, that his re-employment was on the same conditions as before. *Cronemillar* on his direct examination testified that Scott told him he was to come down and go to work Monday morning at $75 a month, and he said all right, and nothing was said as to how long he was to work. On cross-examination he testified, however, that he heard the testimony of Scott as to the conversation and that it was true; that when he previously worked he was hired for an indefinite time and had the right to quit whenever he was dissatisfied, and the mill company had the right to discharge him whenever it was dissatisfied, and that he actually quit in the middle of the month and got his pay; that as he understood it he supposed that under the new hiring Scott had the privilege of discharging him at any time; that he supposed he had the right to quit at any time if he had reasons, but that if he had a reason in his mind that would be sufficient

without disclosing it to the company if it did not ask, and the company had the same privilege to discharge for reasons.

For the appellant there was a brief by *Grace & Hudnall,* and oral argument by *H. H. Grace.*

*C. H. Crownhart,* for the respondent.

WINSLOW, C. J. The appellant rightly claims that, where wages are payable by the month, such circumstance is evidence of a hiring for that period, which will be sufficient, in the absence of any evidence impairing its weight, to sustain a finding that there was a hiring for that period. *Kellogg v. Citizens' Ins. Co.* 94 Wis. 554, 69 N. W. 362. The difficulty in the present case is that the plaintiff, after testifying that he was hired at $75 a month, freely admitted that Scott's testimony was true, to the effect that he was employed upon the same conditions as upon his previous employment. It appeared without dispute that under the terms of his previous employment he might quit or be discharged at any time, and that both he and Scott understood that such was the case. Thus it appeared that the fact that his wages were to be payable by the month did not stand alone, but was to be considered in connection with the fact that he was hired under the same conditions as before, both parties understanding that those conditions included the right of either party to terminate the service at any time. It seems certain, therefore, that the minds of the parties met on the proposition that, although the wages were to be payable by the month, the service might be terminated by either party at will.

But the contract was for *some* service. The defendant might doubtless discharge the plaintiff at the end of the first day and perhaps earlier, without liability except for the payment of his ratable wages, but it had contracted to employ the plaintiff for *some* time, and a refusal to let him go to work at all was a plain breach of its contract, for which

plaintiff was entitled to recover at least nominal damages. This proposition seems incontrovertible and was evidently overlooked when the nonsuit was ordered and a judgment for the defendant entered. Whether such a judgment will be reversed in this court is a question which depends upon the nature of the action. In *Laubenheimer v. Mann,* 19 Wis. 519, a judgment for defendant, when the plaintiff was entitled to recover merely nominal damages, was held not reversible because it was a case where a recovery of nominal damages would not entitle the plaintiff to costs, but would subject him to costs in favor of the defendant. This rule was followed in *Mecklem v. Blake,* 22 Wis. 495, in a case where a recovery of nominal damages would have been followed by a judgment for costs in favor of the plaintiff, without discussion and without observing the substantial difference between the two situations. In *Eaton v. Lyman,* 30 Wis. 41, the lapse in *Mecklem v. Blake* was observed and overruled, and the doctrine established that, where a judgment for nominal damages in plaintiff's favor would entitle him to costs, a judgment against him would be reversed upon appeal. This rule was recognized and approved in *Jones v. King,* 33 Wis. 422; *Hibbard v. W. U. Tel. Co.* 33 Wis. 558; and *Enos v. Cole,* 53 Wis. 235, 10 N. W. 377, with the exception that it was held in *Jones v. King* that in penal actions and certain actions *ex delicto* denominated hard actions the rule did not obtain. The rule was again recognized in *Benson v. Waukesha,* 74 Wis. 31, 41 N. W. 1017, where a judgment for defendant, although plaintiff was entitled to recover nominal damages, was affirmed on the express ground that in that case the plaintiff would have been compelled to pay the costs even had she recovered. The case was followed without comment in *Bilgrien v. Dowe,* 91 Wis. 393, 64 N. W. 1025.

The general rules governing the subject may be stated, therefore, as follows: (1) Where plaintiff only shows himself

entitled to nominal damages, a judgment for defendant will be affirmed if the recovery of nominal damages would not carry costs but would subject the plaintiff to costs. An instance of this kind is a case where an action within a justice's jurisdiction is commenced originally in the circuit court. . See subd. 3, sec. 2918, and sec. 2920, Stats. (1898). (2) Such a judgment will also be affirmed in penal actions and those actions *ex delicto* known as hard actions, which include actions of slander, libel, and the like. (3) Subject to this exception, such a judgment will be reversed in an action where it would entitle the plaintiff to recover costs.

The present action was properly commenced in justice's court, and came to the circuit court for trial *de novo* by appeal of the defendant. A judgment for nominal damages would have entitled the plaintiff to costs, because he would have been the successful party though recovering less than he did in justice's court. Sec. 2925, Stats. (1898); *Smithbeck v. Larson,* 18 Wis. 183.

The judgment must therefore be reversed, and the action remanded with directions to enter judgment for the plaintiff for nominal damages and costs.

*By the Court.*—It is so ordered.

