MEYST, Respondent, vs. FREDERICKSON, Appellant.

*March 16—April 5, 1911.*

*Appeal: Review: Judgment notwithstanding verdict: Nominal damages: Costs: Printed case.*

1. Where the trial court denied plaintiff's motion for a directed verdict and submitted the case to the jury, but afterwards set aside a verdict in favor of defendant and rendered judgment for plaintiff, the general rule that the trial court's determination as to whether the evidence would warrant a verdict either way will not be disturbed on appeal unless manifestly wrong, applies with less than its usual force, but the later ruling is not wholly without weight.

2. Where judgment was rendered for plaintiff notwithstanding a verdict which awarded to defendant, upon a counterclaim, damages exceeding plaintiff's recovery by six cents, the case is not within the rule that a judgment will not be reversed for failure to give nominal damages where such failure does not determine the question of costs.

3. For the printing of a case containing much unnecessary matter, in violation of Supreme Court Rule 6, no costs are allowed.

Appeal from a judgment of the circuit court for Racine county: E. B. Belden, Circuit Judge. *Reversed.*

Action to recover on contract for medical service and supplies. Complaint in the usual form. Answer putting in issue the recoverable value of the services, pleading payment, and counterclaiming for damages for improper performance of the contract of employment.

The evidence established plaintiff's claim, principal and interest, at $54.85. The case was submitted to the jury resulting in a verdict in defendant's favor allowing enough on the counterclaim to extinguish plaintiff's demand and leaving a balance in defendant's favor of six cents. Defendant's counsel moved for judgment on the verdict. Plaintiff's counsel moved the court to vacate the verdict and render judgment for plaintiff regardless thereof. Defendant appealed.

For the appellant there was a brief by *Gilbert, Jackson & Ela* and *Thompson & Harvey,* and oral argument by *Russell Jackson.*

For the respondent the cause was submitted on the brief of *Holt & Coombs,* attorneys, and *I. A. Fish,* of counsel.

Marshall, J. There is no necessity for reciting the evidence respecting the counterclaim. The nature of the controversy is such, it is thought best to speak of the evidence only in respect to its legal effect.

In submitting the cause to the jury in face of respondent's motion for a directed verdict, the trial court, necessarily, deliberately decided that the evidence would, in some reasonable view, support a finding in appellant's favor for some substantial amount on the counterclaim. That the jury so viewed the matter, in the light of such judicial determination, is most natural. It was for them to draw the proper inference between the reasonably conflicting inferences.

Thus it will be seen the case is peculiar. Ordinarily, as has often been said, the trial judge's determination as to

whether there is reasonable ground in the evidence for a ver-
dict either way, should be supported here unless manifestly
wrong.    That doctrine was, perhaps, first definitely declared
in *Powell v. Ashland I. & S. Co.* 98 Wis. 35, 73 N. W. 573.
It has been many times followed.    It is a just and very val-
uable rule in the administration of justice and is in harmony
with the spirit of the Code.    But it is necessarily not an ar-
bitrary rule.    That is, it applies with more or less strength
according to the circumstances of cases.    In a situation like
the one before us it applies with less force than in some oth-
ers.    Here the trial court decided both ways.    If it decided
right in setting aside the verdict and granting judgment ac-
cording to the claim of plaintiff, it committed error in not
granting the motion for a directed verdict.    If it decided
right when first challenged as to the sufficiency of the evi-
dence to sustain an allowance to appellant on the counter-
claim, then it committed error when so challenged a second
time.    However, the decision on the last occasion is not
wholly without weight.    A trial judge will, naturally, and
ought, probably to, weigh the evidence with rather more care
before setting aside a verdict as contrary to the evidence than
in denying or granting a motion for a directed verdict.

An examination of the evidence here leads to the conclu-
sion that the decision first made is right and the one last
made, condemning the verdict which really followed the first
judicial view—to the extent of deciding that there were at
least reasonably conflicting inferences from the evidence,—
is clearly wrong.    Therefore the motion for judgment on the
verdict against respondent for six cents and costs should have
been granted.

This is not a case of mere nominal damage.    Damage to
the full amount of respondent's claim and six cents more was
allowed.    Counsel for respondent did wrong in making the
point that the case was within the rule that a judgment is not
reversible for failure to give nominal damages, where such

failure does not determine the question of costs, citing *Crone-millar v. Duluth-Superior M. Co.* 134 Wis. 248, 114 N. W. 432, and the familiar rule there referred to.   It is misleading to refer to a rule having no application to the case in hand, in connection with such treatment of matters as might lead to a very erroneous view of the record unless search were made outside of the briefs of counsel.

The printed case plainly violates Supreme Court Rule 6 which requires such to contain only an abridgment of the record, so far as necessary to present the questions for decision,—leaving appellant liable to the penalty prescribed by Rule 44, which prescribes that "No costs shall be taxed for printing any case, supplemental case, or brief, unless these rules shall have been complied with."  The mischief wrought by such clear violations as the one in question, must be met by such certainty and firmness of administration of the rule for penalizing them, as to minimize danger of recurrence. The useless expense to parties and the public of printing several times what is necessary—making the case by the extra expense rather confusing than helpful,—is very great.   Here we have a printed record of 125 pages.   All except about eight pages contain evidence substantially only by questions and answers.   The material part could have been much better presented in fifteen or twenty pages.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to render judgment in defendant's favor for six cents and costs in accordance with the verdict. The appellant will not be allowed costs for printing the case.