Carl T. HEINRITZ, Plaintiff-Appellant,

v.

LAWRENCE UNIVERSITY, Defendant-Respondent.

Court of Appeals

*No. 94–3025. Submitted on briefs April 24, 1995.—Decided May 9, 1995.*

(Also reported in 535 N.W.2d 81.)

For the plaintiff-appellant, the cause was submitted on the briefs of *John S. Williamson, Jr.* of Appleton.

For the defendant-respondent, the cause was submitted on the brief of *Randall A. Haak* and *Timothy J. McCoy* of *McCarty, Curry, Wydeven, Peeters & Haak* of Kaukauna.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Carl T. Heinritz appeals the circuit court's judgment granting Lawrence University's motion to dismiss, contending that Lawrence University's agreement to hire him was enforceable because it was legally distinct from an employee at-will contract. Second, Heinritz asserts that his remedy is specific performance. Because we conclude that the employment contract was an at-will contract and the exclusive remedy to an employment discrimination suit is under

the Wisconsin Fair Employment Act (WFEA), we affirm the trial court's judgment.

Heinritz, a carpenter, applied for work with Lawrence University while employed by another business. Heinritz was offered the position with Lawrence, which he accepted. Consequently, Heinritz resigned from his other employment so he could work for Lawrence. However, Lawrence later withdrew its offer of employment, allegedly due to insurance problems regarding Heinritz's handicapped son.

Heinritz filed a complaint seeking specific performance. The complaint alleged a cause of action based on contract. He later amended the complaint to add a cause of action based on promissory estoppel. Lawrence moved to dismiss on grounds that Heinritz failed to state a claim upon which relief could be granted and moved to strike Heinritz's request for specific performance. Heinritz moved for summary judgment. The circuit court granted Lawrence's motion and thus did not address Heinritz's motion for summary judgment. Heinritz appeals.

## STANDARD OF REVIEW

Whether a complaint properly pleads a cause of action upon which relief may be granted is a question of law, which we review without deference to the trial court. *Watts v. Watts,* 137 Wis. 2d 506, 512, 405 N.W.2d 303, 306 (1987). To determine whether a complaint states a claim upon which relief can be granted pursuant to a motion under § 802.06(2)(f), STATS., the facts pled are taken as admitted and inferences are drawn in favor of the party against whom the motion is brought. *Eagle v. Christensen,* 191 Wis. 2d 301, 311, 529 N.W.2d 245, 249 (Ct. App. 1995). The pleadings are to be liber-

ally construed and a claim will only be dismissed if the plaintiff cannot recover under any circumstances. *Evans v. Cameron*, 121 Wis. 2d 421, 426, 360 N.W.2d 25, 28 (1985). In this analysis, we are limited to the examination of the facts as stated in the complaint. *Weber v. Cedarburg*, 129 Wis. 2d 57, 64, 384 N.W.2d 333, 338 (1986).

## BREACH OF CONTRACT

Under Wisconsin law, employment is generally terminable at will by either party without cause and there is a strong presumption that an employee contract is at will unless the terms of the contract state otherwise. *Forrer v. Sears, Roebuck & Co.*, 36 Wis. 2d 388, 393, 153 N.W.2d 587, 589-90 (1967). Employees hired for an indefinite term without a formal written employment contract are employees-at-will. *Brockmeyer v. Dun & Bradstreet*, 113 Wis. 2d 561, 566-67, 335 N.W.2d 834, 837 (1983). Wisconsin courts, however, have recognized certain exceptions to this general rule. When the discharge violates fundamental and well-defined public policy, the employee has an action against his or her employer for wrongful termination. *Id.* at 572-73, 335 N.W.2d at 840.

Heinritz contends that his employment contract was not at will, but rather a legally distinct "contract to employ" and thus he has a right to bring a breach of contract action against Lawrence University. We are not persuaded.

Initially, we conclude that based on the facts as stated in the complaint, the contract was an indefinite oral contract providing for Heinritz to become an at-will employee. This conclusion is supported by *Forrer*,

in which our supreme court held that in order for a permanent employment contract to be valid and enforceable and not terminable at will, additional consideration or benefit to the employer is required. *Id.* at 394, 153 N.W.2d at 590. The plaintiff in *Forrer* sold his livestock, leased his barn and placed his farm in a federal feed grain program in order to work for the defendant. *Id.* at 390-91, 153 N.W.2d at 588. The *Forrer* court concluded that this was not additional consideration that would constitute permanent employment. Here, there is nothing alleged in the complaint that would fulfill this requirement of additional consideration. Thus, the strong presumption that an employee contract is terminable at will is not overcome.

Second, *Forrer* discusses the doctrine of promissory estoppel as applied to employee-at-will contracts. The court held that where the employment promised was at will and the employee reasonably relied upon the promise and then was later terminated, the promise was fulfilled because the employment had ensued. *Id.* at 392, 153 N.W.2d at 589. Although the facts here can be distinguished because Heinritz's employment had not commenced, we conclude that the doctrine of promissory estoppel does not apply. Because the promise made by Lawrence was for employment terminable at will, Heinritz's alleged detrimental reliance was on becoming an at-will employee. Heinritz's reliance does not change the nature of Lawrence's promise, which was that the employment relationship could be terminated by either party at any time without cause.

However, we must address Heinritz's argument that because he had yet to commence actual employment with Lawrence, he may bring an action under the theory of breach of contract. Wisconsin courts have yet

to rule whether an employer is liable for breach of an at-will employment contract for withdrawing an offer of employment before the plaintiff commences employment.

Heinritz cites *Cronemillar v. Duluth-Superior Milling Co.,* 134 Wis. 248, 114 N.W. 432 (1908), for the proposition that by refusing to allow a prospective employee to go to work, the employer breached its contract. However, *Cronemillar* is distinguished from this case because our supreme court's analysis was predicated on the fact that the plaintiff was contracted for a fixed period of time, and thus was not an at-will employee. *See id.* at 251-52, 114 N.W. at 433.

Additionally, Heinritz cites authority from Michigan, specifically, *Filcek v. Norris-Schmid, Inc.,* 401 N.W.2d 318, 319 (Mich. App. 1986), for the proposition that a retraction of an at-will employment contract prior to its commencement gives rise to a breach of contract action. However, not only is there an unresolved split of authority in the Michigan Court of Appeals, *see Cunningham v. 4-D Tool Co.,* 451 N.W.2d 514, 517 (Mich. App. 1989) (employer effectively revoked offer prior to plaintiff's acceptance), but the majority of jurisdictions adopt the opposite rule.

The majority of jurisdictions conclude that a cause of action does not exist where a prospective at-will employee is terminated before commencing work. The rationale is summarized in *Morsinkhoff v. De Luxe Laundry & Dry Cleaning Co.,* 344 S.W.2d 639, 642 (Mo. Ct. App. 1961), where the court held that if an employee under an oral contract of employment for an indefinite period is without remedy when fired without reason after commencing work, it is illogical to hold she is entitled to damages if the employer refuses to allow her to commence work under the agreement.

613

Other courts conclude that there is no basis in making the distinction between a termination of employment before starting work as opposed to after employment is commenced. *See, e.g., Bower v. AT&T Technologies,* 852 F.2d 361, 362-63 (8th Cir. 1988) (relied on *Morsinkhoff* rationale); *Ingram v. Fred Oakley Chrysler-Dodge,* 663 S.W.2d 561, 561-62 (Tex. Ct. App. 1983) (at-will employee cannot recover damages before or after commencing employment); *Sartin v. Mazur,* 375 S.E.2d 741, 743 (Va. 1989) (illogical to hold that at-will employment not terminable prior to commencement). It stands to reason that an employee should not be afforded greater protections before commencing employment than after. Accordingly, we find this authority persuasive and conclude that Heinritz does not have an action under the theory of breach of contract.

In sum, the four corners of the complaint and amended complaint do not demonstrate the right to recover from Lawrence University under the theories of breach of contract or promissory estoppel. Thus, the complaints are not legally sufficient.

## WISCONSIN FAIR EMPLOYMENT ACT

Next, Heinritz contends that the appropriate remedy for this action is specific performance because Lawrence's actions violated public policy per *Brockmeyer*. Without developing the allegations that Lawrence unlawfully discriminated against him and such actions constitute a public policy exception, Heinritz contends that the remedy is not restricted to damages, but is specific performance. Because employment discrimination is under the purview of the

WFEA, ch. 111, STATS., we conclude that this contention is without merit.

Generally, under Wisconsin case law, WFEA provides the exclusive remedy for employment discrimination. *Bachand v. Connecticut Gen. Life Ins. Co.,* 101 Wis. 2d 617, 623-24, 305 N.W.2d 149, 152 (Ct. App. 1981). Further, all remedies are to be pursued through the Department of Industry, Labor and Human Relations. *Id.* Here, Heinritz alleges that Lawrence discriminated against him based on his son's handicap. Under the WFEA, a claim for employment discrimination must be brought before DILHR, not the circuit court. Section 111.39(1), STATS.[1] Thus, Heinritz's contention that his remedy is specific performance fails.

*By the Court.*—Judgment affirmed.

---

[1] Section 111.39(1), STATS., states:

> The department may receive and investigate a complaint charging discrimination, discriminatory practices, unfair honesty testing or unfair genetic testing in a particular case if the complaint is filed with the department no more than 300 days after the alleged discrimination, unfair honesty testing or unfair genetic testing occurred. The department may give publicity to its findings in the case.