Orville ONEY, Plaintiff-Appellant,†

v.

Wolfgang SCHRAUTH, Defendant-Respondent.

Court of Appeals

*No. 94–3298. Submitted on briefs September 11, 1995.—Decided October 26, 1995.*

(Also reported in 541 N.W.2d 229.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Orville Oney, pro se* of Waldo.

For the defendant-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Michael J. Losse*, assistant attorney general.

Before Eich, C.J., Dykman and Vergeront, JJ.

DYKMAN, J. Orville Oney appeals from an order dismissing his tort action against Wolfgang Schrauth. The trial court granted Schrauth's summary judgment motion, concluding that Oney's failure to serve upon the attorney general a timely written notice of a claim pursuant to § 893.82(3), STATS.,[1] was fatal to his action. Oney also appeals from an order denying his motion for relief from the first order. Oney contends that his failure to serve a timely notice is not fatal to his action because: (1) Schrauth's alleged torts did not grow out of nor were they committed in the course of the discharge of his duties as a state employee; (2) the discovery rule tolls the time period in which a notice must be served under § 893.82(3); and (3) Schrauth is estopped from asserting a defense pursuant to § 893.82(3). We reject his claims and, therefore, affirm.

---

[1] Section 893.82(3), STATS., provides:

> Except as provided in sub. (5m), no civil action or civil proceeding may be brought against any state officer, employe or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employe's or agent's duties, and no civil action or civil proceeding may be brought against any nonprofit corporation operating a museum under a lease agreement with the state historical society, unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employe or agent involved. A specific denial by the attorney general is not a condition precedent to bringing the civil action or civil proceeding.

## BACKGROUND

On July 23, 1991, Wolfgang Schrauth, a state probation and parole officer, conducted a search of Arnold Ramaker's home with members of the Sheboygan County Sheriff's Department. Orville Oney, Ramaker's friend, was present during the search. Schrauth found a list of computer software which Oney stated belonged to him. At Schrauth's request, Oney retrieved the software and brought it to Ramaker's home. The sheriff's department took the software, and later, Detective Leroy Nennig, Jr., obtained a search warrant for Oney's home based, in part, upon information provided to him by Schrauth that Oney had property "consistent with pornographic material." The police searched Oney's home and confiscated numerous items but did not file any criminal charges against Oney.

According to Oney, on November 15, 1991, he discovered that Detective Nennig relied upon Schrauth's allegedly misleading and erroneous statements and illegally seized evidence to obtain the search warrant. On December 30, Oney served notice upon the attorney general, and in July 1993 he commenced this tort action.

Schrauth moved for summary judgment, arguing that Oney failed to serve a notice upon the attorney general within 120 days from the date of the search as required by § 893.82(3), STATS. Schrauth contended that while the search occurred on July 23, 1991, Oney did not serve the notice until December 30, 1991, after the 120-day period had expired. The trial court granted Schrauth's motion, concluding that the notice had not been timely served as a matter of law. The court also dismissed Oney's motion for relief from that order. Oney appeals.

## STANDARD OF REVIEW

An appeal from a grant of summary judgment raises an issue of law which we review *de novo*, by applying the same standards employed by the trial court. *Brownelli v. McCaughtry*, 182 Wis. 2d 367, 372, 514 N.W.2d 48, 49 (Ct. App. 1994). We initially examine the complaint and answer to determine whether a claim has been stated and whether material issues of fact have been raised. *Id.* We then consider whether the documents offered by the moving party establish a *prima facie* case for summary judgment. *Id.* If so, we then look to the documents offered by the party opposing the motion to determine if any material facts remain in dispute that would entitle the opposing party to a trial. *Id.* at 372-73, 514 N.W.2d at 49-50.

## SCOPE OF EMPLOYMENT

Oney argues that he need not serve a notice upon the attorney general pursuant to § 893.82(3), STATS., because Schrauth was acting outside of the scope of his employment. Oney contends that under § 893.82(3), the acts complained of must have been committed in the course of or have grown out of a state employee's duties. Because Oney is neither a parolee nor a probationer, he contends that Schrauth acted outside of the scope of his employment.

In *Elm Park Iowa, Inc. v. Denniston*, 92 Wis. 2d 723, 286 N.W.2d 5, (Ct. App. 1979), we rejected a similar argument. We said:

> A careful reading of the complaint necessitates the conclusion that all these acts of continuing conspiracy alleged were accomplished while D.R.&S. were working on an annual inspection of Elm Row

in 1974. There are no other factual allegations in the complaint dealing with the acts of D.R.&S. other than the conclusion that the conspiracy continues from 1974 to date. *Just because a complaint states that these "acts are beyond the scope of their employment and authorization" does not take a case beyond the notice of claim requirements. . . .*

*Id.* at 732, 286 N.W.2d at 9-10 (emphasis added). When we review an assertion that an act is outside an employee's duties, we examine the complaint to determine whether the alleged acts grew out of an employee's duties or were committed in the course of those duties. *Id.* Section 893.82(3), STATS., is broad enough to include any act of an employee that arises from intentional tortious conduct. *Id.* at 734, 286 N.W.2d at 10.

Oney's complaint asserts that Schrauth is a state employee. The relevant portions of the complaint allege that Schrauth was conducting a search of Ramaker's home when he found a list of computer programs that he thought might be pornographic. Oney admits that he owned the programs and retrieved them for Schrauth. Oney asserts that Schrauth, then, conspired with Detective Nennig so that Detective Nennig could obtain a warrant to search Oney's home.

■

We conclude that the acts of which Oney complains were acts growing out of Schrauth's duties as a probation and parole officer. The nature of his work involves monitoring a probationer's or parolee's behavior, including conducting searches of the probationer's or parolee's home to ensure that offenses are not being committed. Oney asserts that Schrauth had no jurisdiction to be involved in a search of his home because he is not a probationer or a parolee. But Schrauth did

not search Oney's home; he was searching Ramaker's home when he found the suspicious evidence. Oney delivered the software to Ramaker's home at Schrauth's request. He could have refused to do so. And, it was the sheriff's department, not Schrauth, who took the evidence from Ramaker's home. Schrauth's behavior grew out of his duties as Ramaker's probation officer and therefore § 893.82(3), STATS., applies.

## TIMELINESS OF NOTICE

Having concluded that § 893.82(3), STATS., is applicable to Oney's action against Schrauth, we must next determine whether Oney timely served the notice. Under § 893.82(3), no civil action may be brought against a state employee unless the claimant serves a written notice upon the attorney general within 120 days of the event causing the injury or damage that gave rise to the civil action. It is undisputed that Oney failed to serve the notice 120 days after the violation occurred. Oney, nevertheless, argues that we should apply the discovery rule adopted in *Hansen v. A.H. Robins Co., Inc.*, 113 Wis. 2d 550, 560, 335 N.W.2d 578, 583 (1983), where the supreme court determined that a tort claim does not accrue until a plaintiff discovers, or through the exercise of reasonable due diligence should have discovered, his or her claim.

But in *Renner v. Madison Gen. Hosp.*, 151 Wis. 2d 885, 447 N.W.2d 97 (Ct. App. 1989), we rejected that very same argument. The plaintiffs in *Renner* failed to discover that the defendant was a state employee until after the 120-day time limit in § 893.82(3), STATS., had expired. *Id.* at 887, 447 N.W.2d at 98. The plaintiffs argued for the application of the discovery rule so that their action did not accrue until they made this discov-

ery. *Id.* at 889-90, 447 N.W.2d at 99. But we declined to apply it, reasoning that all of the elements of an enforceable claim were present, including knowledge of the defendant's identity, when the plaintiffs were injured. *Id.* at 891, 447 N.W.2d at 99. We also determined that the public policy reason justifying the adoption of the discovery rule in *Hansen*—that the injustice of barring meritorious claims before the claimant knew of the injury outweighed the threat of stale or fraudulent actions—was not present in this case. *Id.* at 890, 447 N.W.2d at 99. We stated:

> When all of the elements of an enforceable claim are known to the claimant, including the identity of the defendant, it is fair to require that the claimant make a reasonably diligent inquiry to determine whether the status of the defendant imposes special duties upon the claimant, such as giving notice of the injury and the claim to the appropriate agency.

*Id.* at 891, 447 N.W.2d at 99.[2]

---

[2] In *Yotvat v. Roth*, 95 Wis. 2d 357, 361-62, 290 N.W.2d 524, 528 (Ct. App. 1980), the plaintiffs contended that the time period contained in § 895.45, STATS., 1977 (now § 893.82, STATS.) should be tolled to the date when they discovered that the defendants had been negligent. We rejected their argument, reasoning that because § 895.45 was a notice of injury statute rather than a statute of limitations, the application of the discovery rule to it was a policy determination to be adopted by the legislature. *Id.* at 362, 290 N.W.2d at 528. Thus, we concluded that the period in which the notice must be given "runs from the event causing the injury, damage or death, regardless [of] when the event is discovered by the claimant." *Id.* We decided *Yotvat*, however, before the supreme court adopted the discovery rule in *Hansen*. For this reason, we are hesitant to rely on *Yotvat* for

Moreover, the plain language of § 893.82, STATS., supports a conclusion that the legislature did not intend that the discovery rule apply to toll the time in which a notice had to be served upon the attorney general under § 893.82(3). Section 893.82(3) reads that no civil action may be brought against a state employee *"unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding,"* the claimant serves notice upon the attorney general. (Emphasis added.) But § 893.82(5m), which specifically pertains to medical malpractice claims against state employees, reads, "With regard to a claim to recover damages for medical malpractice, *the time periods under subs. (3) and (4) shall be 180 days after discovery of the injury or the date on which, in the exercise of reasonable diligence, the injury should have been discovered, rather than 120 days after the event causing the injury.*" (Emphasis added.) Further, under § 893.82(4)(b), which concerns actions based on contribution or indemnification, if the claimant establishes that he or she had no actual or constructive knowledge of the underlying cause of action at the time of the event, under certain circumstances, the 120-day period may begin to run on the date the claimant acquires actual or constructive knowledge of the underlying cause of action.

This statutory scheme suggests that the legislature considered and adopted the discovery rule for medical malpractice, indemnification and contribution claims, but rejected it for all other actions. If a word or words are used in one subsection but are not used in another subsection, we must conclude that the legisla-

our conclusion that the discovery rule is inapplicable to § 893.82 (3).

ture specifically intended a different meaning. *Cf. Cardinal v. Leader Nat'l Ins. Co.*, 166 Wis. 2d 375, 388, 480 N.W.2d 1, 6 (1992) (the omission of a word or words in the revision of a statute indicates an intent to alter its meaning). We conclude that the legislature's omission of the discovery rule language in § 893.82(3), STATS., means that the discovery rule does not apply to that subsection.

Furthermore, even if we were to apply the discovery rule to § 893.82(3), STATS., we would conclude, as a matter of law, that Oney did not exercise reasonable diligence in discovering his claim. *See Modica v. Verhulst*, 195 Wis. 2d 633, 648, 536 N.W.2d 466, 474 (Ct. App. 1995). Oney was present when the search occurred, knew who conducted the search and could have obtained a copy of the affidavit supporting the warrant on the day of the search since it was available at the courthouse. Oney failed to act until Ramaker gave him a copy of the affidavit in November 1991. Oney knew that Schrauth might be involved because it was Schrauth who asked Oney for the software. At a minimum, reasonable diligence requires that Oney have requested the documents supporting the search warrant from the courthouse files. It is undisputed that he did not do this. Consequently, Oney failed to timely serve the notice under § 893.82(3).

Oney also argues that our failure to apply the discovery rule to § 893.82(3), STATS., makes the statute unconstitutional because state employees who have committed a fraud will be treated differently from other persons. Oney also argues that his due process rights have been violated because the subsection, without applying the discovery rule to it, is unreasonable and denies him a remedy for a wrong.

But in *Yotvat v. Roth*, 95 Wis. 2d 357, 362-72, 290 N.W.2d 524, 528-32 (Ct. App. 1980), we rejected similar equal protection and due process arguments. With regard to whether § 895.45, STATS., 1977 (now § 893.82, STATS.) denied the plaintiff equal protection, we said:

> It is desirable that the attorney general have an opportunity to investigate claims which may ultimately result in payments from the public treasury . . . . Investigation may disclose facts substantiating a defense to a claim or show that the employee is not entitled to indemnity because the employee did not act within the scope of his or her employment. Classifications made between victims of public employee tortfeasors to protect public funds from unwarranted disbursements have a rational basis.

*Id.* at 368-69, 290 N.W.2d at 531. And with regard to the due process argument, we concluded that compliance with the notice statute was generally practical and not unreasonable because the victim knows or should know, in most instances, of the wrong, and the statutory time period is sufficient time within which a notice may be served. *Id.* at 370, 290 N.W.2d at 532. *See also Mannino v. Davenport*, 99 Wis. 2d 602, 614-15, 299 N.W.2d 823, 829 (1981) (compliance with § 895.45 is not unreasonable because the plaintiffs should have known that the defendants were state employees).

■ Oney knew that Schrauth was a state employee and information regarding Schrauth's alleged torts was available to Oney on the day of the search. Consequently, the application of § 893.82(3), STATS., to this action does not deny him equal protection or due process of law.

## EQUITABLE ESTOPPEL

Finally, Oney argues that Schrauth should be equitably estopped from asserting a defense under § 893.82(3), STATS. According to Oney, he asked the attorney general's office if he had a right to ask for a damage claim when he served his notice, but the attorney general's office did not respond to his inquiry and failed to inform him that his notice was untimely before he initiated this action.

We reject Oney's equitable estoppel claim. Section 893.82(3), STATS., is a jurisdictional statute and must be strictly complied with before a trial court obtains jurisdiction. *Ibrahim v. Samore*, 118 Wis. 2d 720, 726, 348 N.W.2d 554, 557-58 (1984). Thus, its requirements cannot be waived and no basis exists for the equitable doctrine of estoppel. *J.F. Ahern Co. v. Wisconsin State Bldg. Comm'n*, 114 Wis. 2d 69, 83, 336 N.W.2d 679, 686 (Ct. App. 1983). Oney's failure to timely serve a notice, regardless of the attorney general's acts or omissions, is fatal to his claim.

*By the Court.*—Orders affirmed.