# COURT OF APPEALS
## DECISION
## DATED AND FILED

## February 3, 2022

**Sheila T. Reiff**
**Clerk of Court of Appeals**

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.**     **2021AP960**

**STATE OF WISCONSIN**

Cir. Ct. No. 2020CV2453

**IN COURT OF APPEALS**
**DISTRICT IV**

MATTHEW NIESEN,

     PLAINTIFF-APPELLANT,

V.

JOHN ORWIN,

     DEFENDANT-RESPONDENT.

         APPEAL from an order of the circuit court for Dane County: RHONDA L. LANFORD, Judge. *Reversed and cause remanded*.

         Before Blanchard, P.J., Fitzpatrick, and Graham, JJ.

         **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Matthew Niesen appeals an order dismissing his defamation complaint against John Orwin.  The circuit court dismissed the complaint based on Niesen's failure to serve the attorney general with a notice of claim pursuant to WIS. STAT. § 893.82(3) (2019-20)[1] and the court's determination that Orwin is a state employee.  For reasons explained below, we conclude that the complaint should not have been dismissed.  Therefore, we reverse and remand for proceedings consistent with this opinion.

## BACKGROUND

¶2     Niesen and Orwin are both doctors.  In November 2020, Niesen filed a lawsuit alleging that Orwin made defamatory statements about Niesen's departure from the University of Wisconsin surgery program and his abilities as a physician.  The complaint alleges that Orwin made these statements to Niesen's "business associates and prospective business partners," including individuals identified in the complaint.  The complaint alleges that Orwin's business address is 621 Science Drive, Madison, Wisconsin, but does not expressly allege that that address is the UW Health Research Park Clinic or that Orwin is employed by the University of Wisconsin-Madison.  The complaint makes no mention of the notice of claim statute, WIS. STAT. § 893.82(3), nor does it allege that Niesen served a timely notice of claim according to the statute's requirements.

¶3     Orwin moved to dismiss Niesen's defamation claim with prejudice pursuant to WIS. STAT. § 802.06(2)(a)1., 3., and 6.  His supporting brief asserted that Orwin was, "at all relevant times, employed by the University of Wisconsin-

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version.

Madison," and that he was acting within the "scope of his state employment" when the alleged statements were made. According to Orwin, the grounds for dismissal were that the circuit court lacked competency to adjudicate the case based on Niesen's failure to allege that he served a timely notice of claim or, alternatively, that the notice of claim statute does not apply to Niesen's claim.

¶4     Orwin also submitted an affidavit completed by his attorney to further support the motion to dismiss. In her affidavit, Orwin's attorney averred that she could not find any record that Niesen had served a notice of claim. Additionally, she attached a letter from the University of Wisconsin-Madison Office of Legal Affairs as an exhibit to her affidavit. That letter asserted that Orwin was "at all relevant times" a university employee and requested representation for Orwin from the Wisconsin Department of Justice.

¶5     Niesen opposed the motion. He argued that his complaint pled all facts necessary to state a claim for relief and that the notice of claim requirements did not apply to his claim. In support of the latter proposition, Niesen argued that the complaint made no reference to Orwin's purported employment with the state and did not plead any facts to suggest that "Orwin's conduct grew out of or was committed in the course of his employment." He argued that the circuit court could not consider matters outside the pleadings when deciding Orwin's motion to dismiss without first converting the motion to summary judgment. Additionally, he argued that he was entitled to discovery into the time, manner, and circumstances of Orwin's statements before the court could dismiss his complaint based on failure to follow the notice of claim requirements.

¶6     Following a hearing, the circuit court granted Orwin's motion to dismiss. The court concluded that Niesen had not served a notice of claim, and

that he could not circumvent compliance with WIS. STAT. § 893.82(3)'s strict requirements by omitting factual allegations from his complaint. The court expressly rejected Niesen's argument that it had to convert his motion to dismiss to a motion for summary judgment in order to determine that Niesen did not comply with the notice of claim requirements, which applied to his claim. In explaining its reasons for dismissing the complaint, the court focused its attention on Orwin's assertion that he was a state employee at all relevant times. The court did not separately address whether it could reasonably infer from the allegations in the complaint that the acts forming the basis of Niesen's claim grew out of or were committed in the course of the discharge of Orwin's duties as a state employee. *See* WIS. STAT. § 893.82(3). Niesen appeals.

## DISCUSSION

¶7     The sole issue on appeal is whether the circuit court properly dismissed Niesen's complaint for failing to comply with the notice of claim statute. Generally speaking, when deciding whether to grant a motion to dismiss, courts "are limited to the examination of the facts as stated in the complaint."[2] *Heinritz v. Lawrence Univ.*, 194 Wis. 2d 606, 611, 535 N.W.2d 81 (Ct. App. 1995). We review a circuit court order granting a motion to dismiss de novo.

---

[2] It is unclear from the transcript to what extent, if any, the circuit court relied on the affidavit and attached letter from the university's office of legal affairs when granting Orwin's motion to dismiss. We assume without deciding that the court did not consider these documents. We make this assumption because, on appeal, Orwin asserts that the affidavit and letter were "legally unnecessary" to support his motion to dismiss, and that Niesen's lawsuit fails as a matter of law based on the inferences that can be drawn from the "face of his complaint." Therefore, for purposes of this appeal, we need not address the dispute between the parties about whether matters outside of the pleadings can be considered for purposes of a motion to dismiss under the circumstances presented here.

*Beloit Liquidating Trust v. Grade*, 2004 WI 39, ¶17, 270 Wis. 2d 356, 677 N.W.2d 298.

¶8    WISCONSIN STAT. § 893.82(2m) provides:  "No claimant may bring an action against a [state employee][3] unless the claimant complies strictly with the requirements of this section."  Section 893.82(3) provides that no claimant can file a civil action or proceeding against a state employee "for or on account of any act growing out of or committed in the course of the discharge of the [employee's] duties" unless the claimant serves timely written notice of a claim upon the attorney general that satisfies certain requirements.[4]

¶9    Thus, based on the plain language of the statute, we conclude that the notice of claim requirements apply when two conditions are met.  First, the

---

[3] In this opinion, we focus on the language in WIS. STAT. § 893.82(2m) and (3) that addresses claims against state employees.  The requirements of that statute also pertain to suits against state officers and agents.

[4] WISCONSIN STAT. § 893.82(3) provides in full:

> Except as provided in sub. (5m) [which is inapplicable here], no civil action or civil proceeding may be brought against any state officer, employee or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employee's or agent's duties, and no civil action or civil proceeding may be brought against any nonprofit corporation operating a museum under a lease agreement with the state historical society, unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employee or agent involved.  Except as provided under sub. (3m) [also inapplicable here], a specific denial by the attorney general is not a condition precedent to bringing the civil action or civil proceeding.

defendant is a state employee. Second, the claim is based on an act "growing out of" or "committed in the course of" the discharge of the employee's duties.[5]

¶10 If the notice of claim statute applies, then compliance with its requirements is a "condition precedent" to bringing a lawsuit and must be pled in a plaintiff's complaint. *Elm Park Iowa, Inc. v. Denniston*, 92 Wis. 2d 723, 728-29, 286 N.W.2d 5 (Ct. App. 1979).

¶11 For purposes of resolving this appeal, we assume without deciding that a reasonable inference can be drawn from the complaint that Orwin is a doctor who is employed by the University of Wisconsin, which is an entity of the state. The complaint alleges that Orwin is a doctor and provides his business address in Madison, and on appeal, the parties agree that Orwin's business address is the same address as a University of Wisconsin health clinic.

¶12 However, we do not see a reasonable inference from the complaint's allegations that Orwin's purported statements about Niesen "grew out of" his

---

[5] At times during the proceedings in the circuit court and on appeal, the parties used the phrase "scope of employment" as shorthand to describe the statutory language addressing an act "growing out of" or "committed in the course of" the discharge of the employee's duties. We agree with the argument in Orwin's appellate briefing that use of this shorthand is inexact and inapt. The phrase "scope of employment" is generally used when discussing whether an employee must be indemnified for any liability arising from certain acts said to fall "within the scope of employment." *See* WIS. STAT. § 895.46(1)(a) (making state and political subdivisions responsible for the damages and costs resulting from the conduct of public employees if the court or jury determines that the state officer's or employee's conduct was within the scope of their employment). By contrast, the notice of claim statute more broadly applies to "any act" "growing out of" employment. *See* WIS. STAT. § 893.82(3); *Ibrahim v. Samore*, 118 Wis. 2d 720, 726, 728, 348 N.W. 2d 544 (1984).

Additionally, in *Ibrahim*, our supreme court expressly rejected an argument that Niesen continues to advance in his reply brief on appeal—that the notice of claim requirements do not apply if a state employee's acts, although growing out of the employees duties, were "intentional or malicious." *Id.* at 724-26.

duties of state employment, or that he made them "in the course of" discharging his duties. The complaint alleges that Orwin made defamatory statements about Niesen to a patient, a worker's compensation claim examiner, and members of the public in and around Dane County. It further alleges that Orwin stated that Niesen is "'not a good physician,'" that he "'dropped out' of the University of Wisconsin surgery program," and that he "'begged to get back in'" to that program. The complaint does not provide any allegations about the context in which Orwin obtained information about Niesen's abilities or his participation in the surgery program. And, apart from the allegation that these statements were made to a patient and a claims examiner, among others, the barebones allegations in the complaint provide no additional facts about the circumstances in which Orwin allegedly made these statements.

¶13 Orwin argues that, because the allegations pertain to "doctor-related matters," we can reasonably infer that Orwin's statements grew out of his duties as a doctor employed by the state. We disagree. Although it is certainly conceivable that Orwin's alleged statements grew out of or were committed in the course of the discharge of his employment duties, the opposite inference is equally conceivable. That is, Orwin's alleged statements also could have been made in more personal or private capacities, or under circumstances significantly attenuated from his employment with the state. Unlike in *Ibrahim v. Samore*, 118 Wis. 2d 720, 726, 348 N.W.2d 554 (1984), and *Oney v. Schrauth*, 197 Wis. 2d 891, 541 N.W.2d 229 (Ct. App. 1995), there is no clear link at this stage between Orwin's allegedly defamatory statements and his duties as a state employee.

¶14 In *Ibrahim*, the plaintiff was a faculty member with the University of Wisconsin-Milwaukee and a member of the school's executive committee. He filed a lawsuit against Samore, the chairperson of that committee. *Id.* at 722. The

7

complaint alleged that Samore used his authority as chairperson to distribute minutes containing statements that defamed Ibrahim, but it did not allege that Ibraham timely complied with the notice of claim requirements. *Id.* at 728-729. The parties disputed whether those requirements applied, and whether the circuit court properly dismissed Ibraham's complaint based on his failure to comply with them. Our supreme court concluded that there was "no issue of fact" and that the distribution of minutes was, as "a matter of law," an "act growing out of or committed in the course of the discharge" of Samore's duties as the chairperson of the executive committee. *Id.* at 729. Accordingly, because compliance with the notice of claim requirements was "'a condition precedent to the right to maintain an action,'" *id.* at 726 (quoted source omitted), Ibrahim's failure to give notice to the attorney general was "fatal to the action," *id.*[6]

¶15   In *Oney*, the defendant, Schrauth, was a probation officer employed by the state. *Oney*, 197 Wis. 2d at 898-99. Oney's complaint alleged that, during the course of searching a probationer's residence, Schrauth learned that Oney possessed contraband, and Schrauth passed this information along to the sheriff's department. *Id.* Based upon the complaint, this court determined that the notice of claim statute applied. *Id.* at 899. We explained that the "nature" of Schrauth's work "involves monitoring a probationer's … behavior, including conducting searches of the probationer's … home to ensure that offenses are not being committed." *Id.* Accordingly, we concluded that it was evident from the

---

[6] We acknowledge that, in *Ibrahim*, the parties submitted affidavits that identified the specific duties of the defendant as chairperson. *Ibrahim*, 118 Wis. 2d at 722. It appears that no party objected to the court's consideration of affidavits, and our supreme court did not address whether consideration of the affidavits was proper based on the procedural posture of the case.

complaint that Schrauth's acts had to have grown out of his duties as a probation officer. *Id.*

¶16    Orwin cites these cases to support his argument that the notice of claim statute is "broad," and that Orwin's allegedly defamatory statements necessarily "grew out of" his state employment. We take no issue with the general notion that the statute's coverage is broad. However, unlike in *Ibrahim* and *Oney*, there is not necessarily a link between Orwin's statements, as alleged in the complaint, and his duties as a state employee. That is, without making assumptions that find no support in the four corners of Niesen's complaint, we cannot say as a matter of law that Orwin's allegedly defamatory statements grew out of or were committed in the course of Orwin's duties as a doctor employed by the state. As a result, the complaint itself does not reasonably raise the inference that the notice of claim statute, including its corresponding requirement that Niesen plead compliance with that statute as a condition precedent to his suit, applies in this case.[7]

¶17    Accordingly, we conclude that the circuit court improperly dismissed Niesen's complaint. We pause to observe that Niesen's complaint may have been intentionally drafted to omit allegations of fact that are not subject to reasonable dispute and that would trigger the notice of claim requirements. We

---

[7] As stated above, our analysis is based on the allegations of the complaint. *See infra*, n.2. However, our conclusion would be no different if we were to consider the affidavit submitted by Niesen's attorney or the attached letter from the university's office of legal affairs. The affidavit does not discuss Orwin's allegedly defamatory statements. And, although the letter asserts that Orwin was "at all relevant times employed by the University of Wisconsin-Madison," it does not contain any allegations of fact addressing the circumstances in which Orwin obtained information about Niesen's abilities, his participation in the surgery program, or the circumstances in which he made the alleged statements.

emphasize that we do not have all the relevant facts and do not mean to convey an admonition of anyone at this stage in the proceedings. However, Wisconsin's civil procedure rules provide tools for litigants and courts to address court filings that may be revealed to be frivolous, or to circumscribe discovery that may be deemed unnecessary or not requested in good faith.

¶18 We therefore reverse the order dismissing Niesen's complaint and remand this matter to the circuit court for proceedings consistent with this opinion. To assist the court in streamlining the proceedings on remand, we offer the following comments. We have not concluded that the notice of claim requirements are inapplicable to Niesen's defamation claim, only that it cannot be determined whether those requirements apply based on the complaint itself. Nothing in this opinion should be construed as preventing the court from converting Orwin's motion to dismiss to a motion for summary judgment or dismissing Niesen's complaint on grounds other than failure to comply with the notice of claim statute. Additionally, nothing in this opinion should be read as weighing in on the assertion Niesen makes on appeal that he is entitled to discovery to obtain facts that could show that Orwin made defamatory statements that fall outside his state employment duties.

*By the Court.*—Order reversed and cause remanded.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.